■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS LIPMAN, Also Known as HERMAN PATTERSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 25, 1976, convicting him of criminal possession of a weapon in the second degree and menacing, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant-appellant's conviction of criminal possession of a weapon and menacing, which arose out of an incident that occurred on March 7, 1975, rested exclusively on the testimony of one New York City police officer. Defendant testified in his own behalf and another witness for the defense also gave exculpatory testimony. It is our view that this was a close case and that the prosecutor committed prejudicial error during his summation to the jury. During his summation, the prosecutor commented upon, and emphasized, the fact that defense counsel had made a successful objection to the testimony of an Assistant District Attorney. That Assistant District Attorney had been called by the People in rebuttal to explain certain inconsistencies between the arresting officer's testimony and the criminal complaint that he filed. This argument in summation could only have led the jurors to the unwarranted belief that defense counsel was trying to prevent information tending to rehabilitate the People's main witness from reaching them, and was improper (see *People v Alicea*, 37 NY2d 601). The prosecutor also committed prejudicial error when he stated in summation that defendant was keeping a certain material witness, who was allegedly with him at the time of his arrest, from testifying. In the case at bar, there was no evidence to indicate that this witness was under defendant's control; hence, the remark of the Assistant District Attorney was totally uncalled for. The People take the position that these errors were rendered harmless by the prompt explanations and instructions given by the trial court to the jury. We disagree. It must be stressed that the case was a close one and that the jury was called upon to resolve a sharp issue of credibility. Under these circumstances, it is our view that the proof of defendant's guilt was not so overwhelming as to preclude any significant probability that the jury would have acquitted defendant had it not been for the errors which occurred (see *People v Crimmins*, 36 NY2d 230, 242). Hopkins, J. P., Latham, Margett and Suozzi, JJ., concur.