■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN BROTHERS, Also Known as ARTHUR EVERY REGAN, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered May 7, 1976, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY CAPUTO, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County, imposed May 31, 1978. Sentence affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Cohalan, J. P., Margett, Martuscello and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. CONNER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 21, 1978, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The complainant, who was the victim of a shooting, originally identified the defendant, his brother-in-law, as his assailant. At trial, however, the complainant testified that he was shot at a different time and place than he originally reported and by someone other than the defendant. The defendant likewise maintained his innocence at trial. The police officers who arrested defendant, however, testified that he admitted the shooting just prior to his arrest and again during questioning at the police station. Numerous instances of impropriety on the part of the prosecutor pervaded the presentation of defendant's case. The prosecutor repeatedly asked questions, upon cross-examination of defense witnesses, which incorporated or suggested matters not in evidence and which could serve no purpose other than to prejudice the jury against the defendant. Other offensive tactics employed frequently by the Assistant District Attorney included arguing with witnesses and with the court and persisting with improper questions after they had been successfully objected to by defendant's attorney. Although it may be that no one of these instances of improper conduct warrants a reversal, the cumulative effect was to deprive the defendant of a fair trial (cf. *People v Shanis,* 36 NY2d 697, 699). Such is the case notwithstanding the trial court's consistent and meticulous efforts to minimize the prejudice by appropriate instructions to the jury (cf. *People v Alicea,* 37 NY2d 601, 605). Given the fact that both the defendant and the complainant testified to the former's innocence and that the defendant was necessarily convicted primarily on the basis of prior admissions which were controverted at trial, there were sharp issues of credibility for the jury to resolve. Under these circumstances, "it is our view that the proof of defendant's guilt was not so overwhelming as to preclude any significant probability that the jury would have acquitted defendant had it not been for the errors which occurred (see *People v Crimmins,* 36 NY2d 230, 242)" (see *People v Lipman,* 59 AD2d 748). Hopkins, J. P., Titone, Margett and Mangano, JJ., concur.