■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CRAMER, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Tonetti, J.), rendered on August 24, 1987, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him, as a second felony offender, to an indeterminate prison term of 5 to 10 years, unanimously affirmed.

The defendant was not entitled to the minutes of the Grand Jury testimony of his girlfriend. As we have already noted, "there can be no withholding or suppression of exculpatory evidence where, as here, the defendant knows the witnesses and is aware of the nature of their testimony" (People v Dukes, 156 AD2d 203, lv denied 75 NY2d 965). Wardius v Oregon (412 US 470) does not require a different conclusion, inasmuch as the prosecutor admitted only to the possibility that there may be a discrepancy between the girlfriend's

testimony and the defendant's Grand Jury testimony, and since, "under the circumstances of this case, there is no merit to the contention that defense counsel needed the Grand Jury minutes adequately to prepare a defense" *(People v Dukes,* 156 AD2d, *supra,* at 204).

While the photograph of the lineup indicates that it was impermissibly suggestive, suppression of the identification was properly denied since the witness had an independent basis for the identification *(People v Johnson,* 79 AD2d 617, 618). Concur—Kupferman, J. P., Asch, Smith and Rubin, JJ.