■ The People of the State of New York, Respondent, v Christopher Barbera, Appellant. [632 NYS2d 821] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered January 26, 1994, convicting him of attempted murder in the second degree (two counts) and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and three others were indicted for two counts of attempted murder in the second degree and two counts of assault in the first degree in connection with the beating and stabbing of two men outside a pizzeria in Queens. The victims had come to the pizzeria to assist a group of children who were being harassed by some local teenagers. The first indictment was dismissed as to the three codefendants and modified as to the defendant. Thereafter there was a second Grand Jury presentment and a superseding indictment as a result of which the current charges were brought against the defendant and the codefendant John Ferrara (*see, People v Ferrara*, 220 AD2d 612 [decided herewith]). Prior to the second presentment, one of the prosecution witnesses, a youth from the neighborhood, recanted his identification of the defendant before the Grand Jury as one of the perpetrators and, instead, indicated that he either did not witness the altercation or was unable to identify the participants. At trial, outside the jury's presence, the People attempted, unsuccessfully, to introduce the youth's Grand Jury testimony based upon their claim that the youth

had recanted because he had been threatened and intimidated by the defendant. The youth did not testify in support of the second indictment (under which the defendant and the codefendant Ferrara were ultimately tried and convicted) or at the trial.

The defendant contends that the youth's recantation constituted *Brady* material of which the defendant should have been immediately informed. He also asserts that the indictment is defective because, he alleges, the youth committed perjury at the first presentment and the People were aware that this perjury was allegedly suborned by a police officer who is the uncle of a friend of the youth and to whom the youth and his friend reported the altercation immediately after its occurrence. We disagree.

While the record contains several versions of the youth's description of the altercation and his identification of the defendant, the youth ultimately told the prosecution that he either did not see the incident or that he was unable to identify the participants. This information is not exculpatory and, therefore, does not constitute *Brady* material that the People were obligated to disclose to the defendant (*see, People v Baxley*, 84 NY2d 208). Moreover, the facts that the youth recanted and that there were some subsequent unsubstantiated allegations that his testimony before the first Grand Jury was perjurious and suborned by a law enforcement officer does not invalidate the second indictment, considering that neither the youth nor the law enforcement officer testified before the second Grand Jury or at the trial (*cf., People v Pelchat*, 62 NY2d 97).

The defendant also argues that the dictates of *Brady v Maryland* (373 US 83) were violated when the trial court refused to direct the People to turn over a transcript of the testimony of the witnesses who testified on behalf of the defendant at the first Grand Jury presentment. Again, we disagree. As this Court has previously held, it is well-settled that evidence is not deemed to be *Brady* material when, as here, the defendant has knowledge of it (*see, People v Banks*, 130 AD2d 498; *see also, People v Cramer*, 166 AD2d 316). Thus, the Grand Jury testimony of defense witnesses need not be turned over as *Brady* material (*see, People v Gardner*, 162 AD2d 466). We do agree with the defendant's contention that he was, as a matter of fundamental fairness, entitled to a copy of the Grand Jury testimony of the witness who also testified on his behalf at trial, as the prosecutor made use of that Grand Jury testimony to impeach the witness during cross-examination (*see, People v Gladden*, 72 AD2d 568). However, reversal is not required as a

consequence of the trial court's failure to grant defense counsel's request for that testimony, as counsel was provided with a copy thereof by his co-counsel prior to the conclusion of the cross-examination.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the trial court erred in denying his motion to set aside the verdict based upon juror misconduct is also without merit. The papers filed in support of that motion were insufficient to establish that the juror in question intentionally misled or withheld information (*see, People v Astle,* 117 AD2d 382). In any event, the defendant failed to establish that any alleged misconduct on the part of the juror frustrated his fundamental right to a fair and impartial assessment of the facts (*see, People v Horney,* 112 AD2d 841).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.