■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FERRARA, Appellant. [632 NYS2d 819] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered January 26, 1994, convicting him of attempted murder in the second degree (two counts) and assault in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his codefendant Christopher Barbera (*see, People v Barbera*, 220 AD2d 601 [decided herewith]) were both convicted of two counts of attempted murder in the second degree and two counts of assault in the first degree in connection with the beating and stabbing of two men outside a pizzeria in Queens. The victims had come to the pizzeria to assist a group of children who were being harrassed by some local teenagers. While attempting to leave, they were surrounded by a crowd of teenagers, among them the defendant. The defendant hit one of the victims in the head with a bottle and beat the other victim with his fists, one of which contained an unidentified shiny object. The codefendant stabbed the other victim. Both victims suffered potentially life-threatening stab wounds.

The defendant contends that the evidence adduced at trial was legally insufficient to establish that he acted in concert with his codefendant with the intent to cause the death of the victims. We disagree. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant was not merely present at the scene of the altercation, as he contends, but that he participated in the acts which started the altercation. The defendant was seen attacking the victims with a bottle, a shiny object, and his fists, and he was arrested with the codefendant as they left the scene of the altercation after the authorities arrived. Based upon the foregoing, it cannot be said that no rational trier of fact could have found that the defendant acted with the requisite intent. Moreover, upon the exercise of our

factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

We agree with the defendant's contention that the trial court erred in permitting the People to offer into evidence the jacket that he was wearing when he was arrested after they had previously stipulated that they were not going to use that evidence at trial (*see,* CPL 710.60 [2] [b]; *People v White,* 73 NY2d 468; *People v Weaver,* 49 NY2d 1012). However, we find that the error was harmless beyond a reasonable doubt (*see, People v Saunders,* 166 AD2d 546). After the People sought to avoid the stipulation and offer the jacket into evidence, the court held a *Mapp* hearing, at which it determined that the jacket had properly been seized. The admission of the jacket into evidence, although helpful, was by no means vital to the People's case. Finally, the evidence, apart from the jacket, overwhelmingly established the defendant's guilt.

We also agree with the defendant's contention that the prosecutor committed several instances of misconduct during the course of his summation by commenting, without first laying an adequate foundation during cross-examination, on a defense witness's failure to provide the police with information (*see, People v Dawson,* 50 NY2d 311), suggesting that the jury was precluded from hearing certain testimony due to the defense counsel's objections (*see, People v Scatliffe,* 117 AD2d 827; *People v Lipman,* 59 AD2d 748), and telling the jury that this was a simple case which could take only 10 to 15 minutes to decide. However, most of the defense counsel's objections to the prosecutor's summation were sustained, and curative instructions were given, which served to ameliorate any prejudice that the prosecutor's conduct may have engendered. Thus, reversal is not warranted on this basis (*see, People v Galloway,* 54 NY2d 396).

The sentence imposed was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.