■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JOHNSON, Appellant. [739 NYS2d 636] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered October 26, 2000, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Where proof of all elements of a charge is based wholly on circumstantial evidence, the jury should be given a circumstantial evidence charge. However, where a charge is supported with both circumstantial and direct evidence, the court need not so instruct the jury (see People v Daddona, 81 NY2d 990). Here, there was some direct evidence of the defendant's guilt provided by the testimony of the undercover officer. Therefore, the trial court properly denied his request for a circumstantial evidence charge.

The defendant's contention that the trial court erred in failing to instruct the jury on the difference between direct and circumstantial evidence is unpreserved for appellate review as he neither requested such an instruction nor objected to the charge on this ground (see CPL 470.05 [2]; People v Autry, 75 NY2d 836, 839; see also People v Jackson, 76 NY2d 908). In any event, this contention is without merit. O'Brien, J.P., Luciano, Townes and Crane, JJ., concur.