THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WALL, Appellant. [938 NYS2d 449]

The defendant's contention that the evidence was legally insufficient to establish his guilt of two counts of murder in the second degree is unpreserved for appellate review since he did

not raise in the Supreme Court the specific ground that he now raises on appeal (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Burgess*, 75 AD3d 650 [2010]). In any event, the contention is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of two counts of murder in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to murder in the second degree, kidnapping in the first degree, and kidnapping in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was entitled to a charge on circumstantial evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Capehart*, 61 AD3d 885, 886 [2009]) and, in any event, is without merit. Where proof of all elements of a charge is based wholly on circumstantial evidence, the jury should be given a circumstantial evidence charge (*see People v Daddona*, 81 NY2d 990 [1993]; *People v Johnson*, 293 AD2d 489 [2002]). However, where a charge is supported with both circumstantial and direct evidence, the trial court need not so instruct the jury (*see People v Daddona*, 81 NY2d 990 [1993]; *People v Washington*, 45 AD3d 880 [2007]; *People v Johnson*, 293 AD2d 489 [2002]). Here, there was direct evidence of the defendant's guilt provided by the testimony of the surviving kidnapping victim and the codefendant.

The defendant was, as a matter of fundamental fairness, entitled to a copy of a prior statement of a witness who testified on his behalf at trial, as the prosecutor used that prior statement to impeach the witness during cross-examination (*see People v Barbera*, 220 AD2d 601, 602 [1995]; *People v Gladden*, 72 AD2d 568, 569 [1979]). Under the circumstances of this case, however, the error does not require reversal (*see People v Barbera*, 220 AD2d at 602; *People v Gladden*, 72 AD2d at 569; *cf. People v Delosanto*, 307 AD2d 298 [2003]).

The defendant's contention that the counts of murder in the second degree and kidnapping in the first degree were multiplicitous is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Clymer*, 26 AD3d 443 [2006]) and, in any event, without merit (*see People v Saunders*, 290 AD2d 461, 463 [2002]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.