■ In the Matter of SAMUEL P., Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.—In a juvenile delinquency proceeding, the People appeal (by permission) from an order of the Family Court, Kings County, dated January 22, 1980, which, upon respondent's application, directed, *inter alia,* (1) that the District Attorney be removed from the presentation of the instant petition, (2) that the Corporation Counsel be substituted as counsel, and (3) that all references to "designated felony" be stricken from the petition. Order reversed, on the law, without costs or disbursements, and respondent's application is denied. Respondent stands charged with an act which, if done by an adult, would constitute robbery in the second degree pursuant to subdivision 1 of section 160.10 of the Penal Law. By virtue of the respondent's age and his prior juvenile record, the robbery which he is alleged to have committed is deemed a "designated felony act" (Family Ct Act, § 712, subd [h], cl [v]). In accordance with the procedure set out in subdivision 2 of section 731 of the Family Court Act, the charging petition was marked "designated felony act petition", and was presented by the Kings County District Attorney rather than the New York City Corporation Counsel. Upon the respondent's oral application at the time of his arraignment, the Family Court Judge ordered the "designated felony act petition" marking deleted, pending the conclusion of fact finding, and directed that the Corporation Counsel, rather than the District Attorney, present the petition. The Judge concluded that the "designated felony act petition" markings, and the presentation of the petition by the District Attorney, would alert the fact-finding Judge to the respondent's prior record, and were therefore inconsistent with section 750 of the Family Court Act, which precludes the disclosure of the respondent's probation report to the court prior to the completion of the fact-finding hearing. The sole question

presented on this appeal is whether the Judge's disposition is consistent with the designated felony act provisions of the Family Court Act. The Juvenile Justice Reform Act of 1976 (L 1976, ch 878), and another 1976 act (L 1976, ch 608), amended the Family Court Act to provide special procedures for the disposition of cases involving what the act defined as designated felony acts. Under the Family Court Act, as amended, a petition alleging a designated felony act must be prominently marked "designated felony act petition" (Family Ct Act, § 731, subd 2). Within New York City, the petition is heard in a special designated felony act part (Family Ct Act, § 117, subd [b]). A juvenile found to have committed a designated felony may, in appropriate cases, be given a "restrictive placement", and be placed with the Division for Youth for an initial period of five years (Family Ct Act, § 753-a). Another provision of the Juvenile Justice Reform Act amended the Family Court Act to provide that the County Attorney, or the Corporation Counsel of the City of New York, and the appropriate District Attorney's office, could enter into an agreement concerning presentation of designated felony act petitions (see Family Ct Act, § 254-a). Where, as in Kings County, such an agreement is entered into, an Assistant District Attorney, rather than Assistant Corporation Counsel, is responsible for presentation of designated felony act petitions. In 1979 (L 1979, ch 411, § 24) the definition of designated felony act was enlarged to include acts which, if done by an adult, would constitute burglary in the first degree, burglary in the second degree pursuant to subdivision 1 of section 140.25 of the Penal Law, and robbery in the second degree pursuant to subdivision 2 of section 160.10 of the Penal Law (Family Ct Act, § 712, subd [h], cl [iv]). In clauses (v) and (vi) of the amended version of subdivision (h) of section 712, the designated felony act category is also stated to include acts: "(v) defined in section 120.05 (assault in the second degree) or 160.10 (robbery in the second degree) of the penal law committed by a person fourteen or fifteen years of age but only where there has been a prior finding by a court that such person has previously committed an act which, if committed by an adult, would be the crime of assault in the second degree, robbery in the second degree or any designated felony act specified in clause (i), (ii), or (iii) of this subdivision regardless of the age of such person at the time of the commission of the prior act; or (vi) other than a misdemeanor, committed by a person at least seven but less than sixteen years of age, but only where there has [sic] been two prior findings by the court that such person has committed a prior act which, if committed by an adult would be a felony." The 1979 amendments did not alter section 117 of the Family Court Act. Accordingly, under the current law, only the acts specified in the first three clauses of subdivision (h) of section 712 are to be heard in the designated felony act parts. It follows from the statutory scheme that petitions alleging acts which would constitute robbery in the second degree (pursuant to Penal Law, § 160.10, subd 2), assault in the second degree, or felonious acts other than those specifically enumerated, will be marked as designated felony act petitions, and presented by the District Attorney, only if the juvenile has a previous record of felonious acts. The fact-finding Judge who hears designated felony act petitions, such as the one at bar, will be aware that the respondent has a prior record. It was the Family Court's opinion that this procedure, insofar as it makes the fact-finding Judge aware that the respondent has a prior record, is inconsistent with section 750 of the Family Court Act, which is designed to insure the confidentiality of juvenile probation reports. Under section 750, probation reports or memoranda may not be furnished to the Family Court Judge until after the completion of the fact-

finding hearing. Judge Huttner concluded that a procedure which imparted to the hearing Judge knowledge of the respondent's record amounted to a disclosure of the probation report. He therefore directed that all references to "designated felony act" be deleted from the petition, pending completion of the fact finding, and that the Corporation Counsel be substituted for the District Attorney as the attorney presenting the petition. In our opinion, the Solomonic solution formulated here is inconsistent with the express provisions of the Family Court Act. These provisions make clear that where a designated felony act is alleged, the petition must be so marked and that, in counties where an appropriate agreement has been entered into, the District Attorney rather than the Corporation Counsel, must present the petition. While we are somewhat puzzled by the failure of the Legislature to include the acts set forth in section 712 (subd [h], cls [iv], [v], [vi]) in the category of cases triable in the designated felony act part, we cannot ignore the clear legislative mandate that those acts be treated as designated felony acts, in terms of both procedure and disposition. The procedures set forth in sections 254-a and 731 are designed to insure that petitions alleging felonious acts of the sort involved in the instant case be considered with a seriousness commensurate with the severity of the act charged. We find no statutory authority to depart from those procedures even though, in certain cases, they will alert the fact-finding Judge to the fact that the juvenile has previously committed a felonious act or acts of an unspecified nature. Nor can we agree with the Family Court that the statutorily mandated procedures are in conflict with the confidentiality requirements of section 750 of the Family Court Act. A procedure which incidentally discloses that a respondent has a prior record cannot be equated with a premature disclosure of a probation report or memorandum. It should be noted, in this regard, that a probation report in a designated felony act case will include not only specific data concerning the respondent's previous delinquent conduct, but also information concerning his family situation and psychiatric and psychological reports. We hold, therefore, that it was proper for the instant petition to be marked as a designated felony act petition, and for the petition to be presented by the District Attorney. The respondent's application should have been denied. Gulotta, J. P., Margett, O'Connor and Weinstein, JJ., concur. [102 Misc 2d 875.]