In the Matter of SAF-TEE PLUMBING CORPORATION, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the Tax Commission of the State of New York, Respondents.

Third Department, October 9, 1980

### APPEARANCES OF COUNSEL

*Goldman, Cooperman & Levitt (Robert N. Cooperman* and *Harvey L. Kaminski* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Wayne L. Benjamin, William J. Kogan* and *Shirley Adelson Siegel* of counsel), for respondents.

*Kaufman, Taylor, Kimmel & Miller (Stuart Newmark* and *Irwin M. Taylor* of counsel), for Subcontractors Trade Association of New York, Inc., *amicus curiae.*

### OPINION OF THE COURT

MAHONEY, P. J.

Petitioner, a plumbing contractor, was audited for the three-year period of September 1, 1971 through August 31, 1974. As a result, the Sales Tax Bureau issued a determination and demand for sales taxes due of $15,950.40, plus penalties and interest of $5,413.36. Respondent sustained the determination and this transferred CPLR article 78 proceeding ensued.

All of the disputed transactions in this proceeding involve situations wherein petitioner did not collect sales taxes from customers who had furnished petitioner with a certificate of capital improvement.\* Petitioner's contention that these disputed sales are nontaxable is based on the language of subdivision (c) of section 1132 of the Tax Law, which provides that all sales of property or services subject to the sales tax shall be deemed taxable sales at retail unless: "(1) a vendor shall

---

\* Although petitioner slightly altered the official form provided by the State Tax Commission, an examination of petitioner's form reveals that it contained the same information as the official form. A witness for the State Tax Commission stated at the hearing that the form of the certificate was not in issue.

have taken from the purchaser a certificate in such form as the tax commission may prescribe * * * to the effect that the property or service was purchased for resale *or for some use by reason of which the sale is exempt from tax* under the provisions of section eleven hundred fifteen" (emphasis added). Petitioner argues that capital improvements are exempt from the sales tax under section 1115 (subd [a], par [17]) of the Tax Law. Thus, according to petitioner, it was absolved of its fiduciary duty to collect any sales tax due once it received a certificate of capital improvement from its customer in good faith. Furthermore, the burden of later proving whether the transaction was a taxable repair or nontaxable capital improvement is solely on the customer (Tax Law, § 1132, subd [c]).

The respondent, on the other hand, contends that petitioner is not relieved of the duty of collecting sales taxes whenever it obtains a certificate of capital improvement. Rather, respondent maintains that petitioner is so relieved only when a capital improvement rather than a repair is in fact made and that a certificate is merely some evidence that a capital improvement was performed. Respondent argues that this position does not unduly burden contractors such as petitioner since, unlike those situations involving vendors who take a certificate of resale from a customer, the contractor is performing the work and is in a position to determine whether a repair or capital improvement is being performed.

The respondent's determination finding petitioner liable for sales taxes, penalties and interest must be annulled. Receipts from the sale of *services* performed in making capital improvements are *excluded* from the scope of the sales tax (Tax Law, § 1105, subd [c], par [5]). Receipts from the sale of *tangible personal property* used in making capital improvements are *exempt* from the imposition of the sales tax (Tax Law, § 1115, subd [a], par [17]). These statutes, when read in conjunction with subdivision (c) of section 1132 of the Tax Law, evidence the Legislature's intention to insulate from sales tax liability vendors who obtain certificates of capital improvement from their customers in good faith. Although there may be valid reasons for attaching different consequences to the receipt of a certificate of resale vis-à-vis a certificate of capital improvement, since the vendor who obtains the latter certificate is in a better position to determine its validity, we reject the argument that the Legislature

intended such a distinction since both types of certificates were included in the same statutory provision without any evidence that they be given disparate treatment.

Respondent's position would virtually emasculate the language contained in subdivision (c) of section 1132 relating to certificates for capital improvements, since vendors receiving them could still be held personally liable for sales taxes they failed to collect in reliance on certificates later found to have been improvidently issued. A vendor should not be required to police or investigate his customers (see *Matter of RAC Corp. v Gallman*, 39 AD2d 57, 61) and respondent's fear that such a rule will lead to abuse is unfounded so long as it is required that the vendor be found to have accepted the certificate in good faith, a finding which was specifically made by respondent in the instant proceeding. Furthermore, it must be pointed out that while this result may relieve the vendor from tax liability in certain situations, it does not alter the liability of customers who are ultimately determined to have made repairs to their property rather than capital improvements.

Accordingly, since the determination that petitioner was liable for sales taxes it failed to collect after receiving certificates of capital improvement in good faith is unsupported by substantial evidence and contrary to law, it must be annulled and the matter remitted for further proceedings not inconsistent with the decision herein.

The determination should be annulled, with costs, and the matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.

GREENBLOTT, SWEENEY, KANE and HERLIHY, JJ., concur.

Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.