OPINION OF THE COURT
Alma Cordova, J.
The issues are (1) whether the presentment agency must supply additional sets of Rosario material to the same attorneys once a petition is dismissed and refiled within the speedy trial period pursuant to Family Court Act § 340.1, (2) whether failure to turn over 911 tapes of a nontestifying witness violates the Rosario rule, (3) what sanctions, if any, should be imposed on the presentment agency for failure to turn over a memo book entry of Police Officer Morales.
On March 20, 1996, the presentment agency refiled these juvenile delinquency petitions charging respondents with attempted robbery in the second and third degrees (Penal Law §§ 110.00, 160.10 [1], [2] [b]; §§ 110.00, 160.05), criminal possession of a weapon in the fourth degree (Penal Law § 265.01), and menacing in the second degree (Penal Law § 120.14 [1]), inter alia.
On March 29, 1996, respondents were arraigned and the case was adjourned to April 8, 1996 for fact-finding. On April 8, respondents informed the court that there were no motions or issues to be resolved. The trial commenced the same day.
During cross-examination of Police Officer Morales, questions were asked regarding a former complainant, Ms. E. The officer testified that Ms. E. initially telephoned 911 regarding this incident. The officer also stated that he believed he had made entries in his memo book. At this point, respondents objected and moved to strike the officer’s testimony upon the grounds that they were never provided with Rosario material, 911 tapes or sprint transcripts. The presentment agency argued that all Rosario material was provided to counsel during the filing of the first petition and that no new Rosario material was generated because of this new filing. The presentment agency added that all of the parties, dates, counsels and witnesses were the same with the exception of Ms. E., who will not testify. The court asked whether respondents had the Rosario material in their possession. Respondents said that they *60 did but that they were entitled to an additional set of Rosario material because this was a new petition. The matter was adjourned for review of the issues.
Family Court Act § 331.4 states as follows:
"1. At the commencement of the fact-finding hearing, the presentment agency shall, subject to a protective order, make available to the respondent:
"(a) any written or recorded statement, including any testimony before a grand jury * * * made by a person whom the presentment agency intends to call as a witness at the fact-finding hearing, and which relates to the subject matter of the witness’s testimony.”
Family Court Act § 331.4 is based on CPL article 240 which, in turn, formalizes the procedures and rule initially established by People v Rosario (9 NY2d 286 [1961]). The Courts in Rosario and in Ranghelle held that a " 'right sense of justice’ entitles a defendant to inspect the prior statements of a prosecution witness, prior to cross-examination, whether or not his statements vary from his testimony on the stand”. "[This Rosario rule] ensure[s] that a defendant 'receives the full benefit of a [prosecution] witness’ statements for impeachment purposes’ ” (People v Ranghelle, 69 NY2d 56, 62 [1986]).
In People v Martinez (71 NY2d 937, 940 [1988]), the Court discussed three categories of Rosario violations and the sanctions to be imposed: "The first includes cases involving delay in the disclosure of Rosario material. Reversal is required in such cases if the defense is substantially prejudiced by the delay (People v Ranghelle, 69 NY2d 56, 63). The second includes cases in which the People fail completely to provide the material to the defendant even though they continue to possess it. Such failures constitute per se reversible error requiring a new trial preceded by disclosure of the material (People v Jones, 70 NY2d 547, 553 * * *). Finally, there are cases where Rosario evidence has been lost or destroyed and cannot be produced * * * If the People fail to exercise care to preserve it and defendant is prejudiced by their mistake, the court must impose an appropriate sanction. The determination of what is appropriate is committed to the trial court’s sound discretion, and * * * the court’s attention, should focus primarily on the overriding need to eliminate prejudice to the defendant (People v Kelly, supra, at 520-521).”
The above categories of Rosario violations have been codified in Family Court Act § 331.6 which states: "1. If, during the *61 course of discovery proceedings, the court finds that a party has failed to comply with any of the provisions of sections 331.2 through 331.7, the court may order such party to permit discovery of the property not previously disclosed, grant a continuance, issue a protective order, prohibit the introduction of certain evidence or the calling of certain witnesses or take any other appropriate action.”
As to the first issue, the court is denying respondents’ motions to strike the officer’s testimony for failure of the presentment agency to supply them with an additional copy of Rosario material. Although there is no case law directly on point, an analogy can be drawn with People v Johnson (155 AD2d 339 [1st Dept 1989]). In Johnson, the defendants argued that they were entitled to be supplied with all new Rosario material because they obtained new counsel. The Court, in denying their application, held, "there is no legal or statutory authority for the proposition apparently advanced by defendant that the People have an absolute renewed obligation to supply all Rosario material to each successive attorney on the same case even in the absence of any indication that defendant’s new counsel has made an effort to obtain such material from defendant’s prior lawyer.” (Supra.) Johnson clearly delineates an obligation on the part of subsequent counsel to make a reasonable effort to obtain the Rosario material which the prosecutor had already turned over to defendant’s prior counsel. The Court refused to impose an absolute and automatic obligation upon the prosecutor to assure that the material was in the current defense counsel’s hands.
In the instant case, respondents have even less reason to request another copy of the Rosario material. Here, the same counsels are going forward and had certain knowledge that the case would be refiled. The material remains in counsels’ hands; there can be no claim that respondents’ defense has been prejudiced.
Additionally, this court has continued to look at the intent of the Rosario rule that was enunciated clearly by the Courts that " 'a right sense of justice’ entitles a defendant to inspect the prior statements of a prosecution witness” "to ensure that a defendant 'receives the full benefit of a [prosecution] witness’ statements for impeachment purposes’ ” (People v Ranghelle, supra, at 62). This court finds that the intent of the Rosario rule was fulfilled. Respondents were supplied with statements of the presentment agency’s witnesses weeks prior to this trial. They were provided with very early disclosure of the witness’ *62 statements and had ample opportunity and time to prepare for cross-examination and for impeachment of the witnesses.
As to the second issue, the 911 tapes of a nontestifying witness are not Rosario material. Family Court Act § 331.4 (1) (a) and the Rosario rule state, "any written or recorded statement * * * made by a person whom the presentment agency intends to call as a witness at the fact-finding hearing” is required to be given to respondents. The presentment agency stated that it did not intend to call Ms. E. as a witness. Therefore, respondents’ motions are denied.
As to the third issue, the memo book entry of Police Officer Morales is Rosario material and should have been turned over at the commencement of fact-finding. However, is striking the officer’s testimony the appropriate sanction? The court will reserve its decision until a hearing is held and a determination is made as to whether the lack of production of the memo book entry involved a delay which substantially prejudiced the respondents, or whether there was a complete failure to provide the material that was in the presentment agency’s files or whether there was a loss or destruction of the material.