■ In the Matter of SHAWN L., a Person Alleged to be a Juvenile Delinquent, Respondent. [651 NYS2d 496] —Order, Family Court, New York County (Ruth Zuckerman, J.), entered on or about April 24, 1995, which, in a juvenile delinquency proceeding charging respondent with acts which, if committed by an adult, would constitute the crimes of assault in the third degree and attempted assault in the third degree, dismissed the petition on the ground that the presentment agency was not prepared to timely proceed with the fact-finding hearing, unanimously reversed, on the law, without costs, the petition reinstated and the matter remanded for further proceedings.

On what the parties and the court believed to be the sixtieth day after the initial appearance of respondent, the presentment agency announced that it was ready to proceed to the fact-finding hearing with two police officers who were physically present in the courthouse, notwithstanding the absence of the complainant, who was enrolled in a drug rehabilitation program. When respondent challenged the statement of readiness by inquiring about missing *Rosario* material, the presentment agency responded that some of the material respondent sought did not constitute *Rosario* material. Additionally, it was revealed that one of the police officers, apparently through inadvertence, had neglected to bring his memo book with him to court. When pressed on the issue by the Family Court, which candidly acknowledged on the record its growing irritation with the presentment agency's repeated failures to prepare for the fact-finding hearing in this and other matters, counsel for the presentment agency requested a two hour continuance in order to allow one of the police officers who was present and ready to testify to return to the precinct house to obtain his memo book. Family Court, which had other hearings and matters on its congested calendar, denied a continuance, and granted the respondent's motion to dismiss the petition based on the presentment agency's failure to comply with Family Court Act § 340.1.

Review of the entire procedural history of this matter lends additional context to the Family Court's understandable

frustration with the lack of cooperation it received in attempting to manage efficiently its calendar in this matter. However, on balance, we are persuaded that, under the circumstances, the denial of the request for a brief continuance of, at most, two hours, constituted an abuse of discretion. Moreover, even assuming that the denial of the continuance was proper, the presentment agency's failure to comply with its *Rosario* obligations should have been addressed by a sanction less drastic than dismissal. "Although the provisions of the Criminal Procedure Law do not apply to juvenile delinquency proceedings unless specifically prescribed (Family Ct Act § 303.1 [1]), the Family Court may consider judicial interpretations of the Criminal Procedure Law as an aid in interpreting similar provisions of the Family Court Act." (*Matter of Vincent M.*, 125 AD2d 60, 63, *affd* 70 NY2d 793.) Respondent points to no cases which justify adopting a different approach under the Family Court Act from the general rule adopted under the CPL that a failure to furnish *Rosario* material does not preclude the prosecuting authority from being ready for trial (*People v Anderson*, 66 NY2d 529, 537). Thus, to the extent the Family Court was operating on the premise that the presentment agency could not be ready for a fact-finding hearing until all *Rosario* material was present in courtroom, this was error.

If the Family Court was properly disinclined to grant the continuance, it should have fashioned a remedy other than dismissal and required the case to proceed immediately to fact-finding (*cf., Matter of David H.*, 170 Misc 2d 58 [discussion of sanctions for *Rosario* violations]). The Family Court indicated an unwillingness to permit the presentment agency to call its first witness and to consider any alternatives. Given the Family Court's express equation of readiness with having all *Rosario* material in court, the concession ultimately extracted from the presentment agency that it was not ready to proceed was of no moment.

In light of the above, we need not address the issue of whether there was "good cause" for adjourning the hearing beyond the sixty day period set forth in Family Court Act § 340.1. Concur—Rosenberger, J. P., Kupferman, Nardelli, Tom and Mazzarelli, JJ.