Matter of Barry G. (2004 NY Slip Op 50885(U))

[*1]

Matter of Barry G.

2004 NY Slip Op 50885(U)

Decided on June 10, 2004

Family Court, Queens County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 10, 2004

Family Court, Queens County
In the Matters of Barry G. and Jamal S., 
 Persons Alleged to be Juvenile Delinquents, Respondents.
D XXXXX

Fran L. Lubow, J.
There is nothing unique or outstanding about the case currently before the court in which two juveniles are charged with committing acts which if committed by adults would constitute the crimes of Assault in the Third Degree, Attempted Assault in the Third Degree and Menacing in the Third Degree. What is significant, however, is how common the alleged factual scenario is - an incident among students on the way home from school. Thus, the legal issues are likely to recur with some frequency.
Before this Court are the following specific applications made by the defense:
(1) To preclude the testimony of the complaining witness and/or dismiss the petition in its entirety due to the failure of the Presentment Agency to provide the Law Guardians with written statements of the complainant and other witnesses/students taken by school personnel in connection with a school suspension hearing and which statements were in the actual possession of the Law Guardians, but not the Presentment Agency, before the commencement of the fact-finding hearing on the grounds of (a) Rosario/Ranghelle violations; (b) Brady violations; and ( c) prosecutorial misconduct.
(2) To preclude the testimony of the complaining witness and/or dismiss the petition in its entirety due to the failure of the Presentment Agency to provide the Law Guardians with a school safety report and memobook entry of a School Safety Agent, which were not in any counsels' possession, and the existence of which the Presentment Agency was unaware, prior to the commencement of the fact-finding hearing, but before cross-examination had concluded, on the grounds of (a) Rosario/Ranghelle violations; (b) Brady violations; and ( c) prosecutorial [*2]misconduct.
(3) To grant a mistrial and severance of the fact finding hearing on the grounds (a) that this court heard and granted a remand application of Respondent Barry G. after the commencement of the fact-finding hearing, based upon a new arrest while on parole, which information and ruling the Law Guardian for Respondent Barry G. claims has unduly prejudiced this court against his client and which has prejudiced Respondent Jamal S. by accelerating the fact-finding hearing according to Respondent Jamal S.'s Law Guardian; (b) that there have been federal and state constitutional violations; and (c) that this court's review of the written witness statements described in application 1 above in its effort to determine whether they constitute Rosario or Brady material has also unduly prejudiced Respondent Barry G.; and (d) that there has been prosecutorial misconduct.
(4) To dismiss the petition for (a) failure to provide discovery pursuant to a Demand for Discovery and Request for a Bill of Particulars and (b) facial insufficiency.
The above issues have been distilled from the very confusing record in which both oral and written motions, cross-motions, answers and revisions and even withdrawals of motions have been made by counsel in transcripts of proceedings held on April 27 and 28 and May 3, 5, 6 and 13, 2004; and Respondent Jamal S.'s Memorandum of Law submitted April 28th; Respondent Barry G.'s Order to Show Cause, filed May 4th; the Presentment Agency's Answering Affirmation thereto, filed May 5th; Respondent Jamal S.'s Order to Show Cause, filed May 5th; Respondent Jamal S.'s Answering Affirmation to Respondent Barry G.'s Order to Show Cause, filed May 6th; the Presentment Agency's Answering Affirmation, to Respondent Jamal S.'s Order To Show Cause, filed May 6th; Respondent Barry G.'s cross-motions entitled Reply To Corporation Counsel's Answering Affirmation and Answering Affirmation to Co-Counsel's Order to Show Cause, filed May 6th; Respondent Jamal S.'s Answering Affirmation, filed May 10th; the Presentment Agency's Answering Affirmations to Respondent Jamal S. and Respondent Barry G., filed May 11th; and Respondent Barry G.'s Supplemental Reply, filed May 11th.
A brief recitation of the procedural facts is necessary. Respondent Jamal S. was arraigned by this court on March 1, 2004 and Respondent Barry G. on March 4, 2004, after voluntarily returning himself on a warrant issued by this court on March 1, 2004. Both juveniles were paroled and the fact-finding hearing scheduled for April 27, 2004, technically day 57 for Respondent Jamal S. and day 54 for Respondent Barry G. from their respective initial court appearances. FCA § 340.1; Matter of Frank C., 70 NY2d 408 (1987).
Respondent Jamal S. filed an Omnibus Discovery Motion which was decided by this court on April 14, 2004. Respondent Barry G. filed an Omnibus Motion seeking dismissal of the petition on legal insufficiency grounds which was decided by this court also on April 14, 2004.
On April 27, 2004 at the 9:30 am calendar call held by the court, the attorney for the Presentment Agency answered ready for trial with the complaining witness present, the Law Guardian for Respondent Barry G. and another attorney from the Legal Aid Society appearing for the specific Law Guardian of Respondent Jamal S. agreed to a recall for trial at 12:30 pm. At 12:35 pm, after getting all of the appearances of the respondents and their family members and counsel on the record, the Presentment Agency attorney indicated that the two Law Guardians had just informed her that there may be written statements made by the complainant to school personnel and there may be exculpatory statements of witnesses as well, and that she would be [*3]asking for a continuance to investigate and obtain same. Upon the Court's inquiry as to the basis for the Law Guardians' information, it was revealed that they were in actual possession of these documents. The court therefore directed the fact-finding to proceed, to which the Law Guardian for Respondent Jamal S. responded, "[t]hen let's commence the trial." (T 4/27/04, p.7).
The complainant was sworn and testimony taken until 1:00pm when the court broke for lunch and the testimony then resumed at 2:30pm. Upon having established that the complainant prepared a written statement for the school principal in the presence of police officers, during her preliminary cross-examination of the complainant, the Law Guardian for Respondent Jamal S. stopped and moved for this court to preclude the testimony because "[t]he statement was written in the presence of police officers. It's clearly Rosario material. It was not provided to counsel prior to the cross-examination of this witness." (T 4/27/04, p.34). The Court reiterated once again that the Law Guardians had admitted that they were in fact in possession of the statement and that the respondents were entitled to prior recorded statements given to law enforcement or at the behest of law enforcement which were not already in the Law Guardians' possession. The Law Guardian for Respondent Jamal S. argued that the Presentment Agency had an affirmative duty to provide this material to the respondent regardless of the fact that she already had it in her possession, and that if the Presentment Agency had been in possession of the statement at a different time, "it may have affected the Presentment Agency's putting on of their case and as well as the respondent's defense in his case." (T 4/27/04, p. 35). Respondent Barry G.'s Law Guardian joined in the application. The Court then stopped the proceedings and directed both Law Guardians to provide memoranda of law by the next day with respect to said application for preclusion of the complainant's testimony.
On the morning of April 28, 2004, only the Law Guardian for Respondent Jamal S. submitted a written Memorandum of Law. At 5:20 pm on that date, upon the initial call of the case on the record, the Law Guardian for Respondent Barry G. indicated that he was "adopting and joining in the application made by co-counsel". (T 4/28/04, p. 2). This court then issued an oral ruling which denied the Law Guardians' applications, to be followed by a written decision at their urging. Thereafter, the Attorney for the Presentment Agency made an application for the remand of Respondent Barry G. based upon his arrest for Criminal Sale of a Controlled Substance in the Third Degree while on parole in the instant matter. Counsel further indicated that she expected to file a petition shortly with respect to that arrest. The Probation Department concurred with the application for remand.
After hearing argument on the issue from the Law Guardian as well, this court found nonetheless that there was a likelihood that Respondent Barry G. would commit further delinquent acts if continued on parole and ordered that he be remanded to the custody of the Commissioner of Juvenile Justice. The Law Guardian for Respondent Barry G. then made an oral application for a mistrial as "this information was brought up to the trier of fact" (T 4/28/04, p. 17), which application this Court denied. The Law Guardian for Respondent Barry G. then requested May 3, 2004 for the continuation of the trial, stating, "I spoke to co-counsel and she is prepared to go forward as soon as possible. I am asking for the earliest date". (T 4/28/04, p. 17).
On May 3, 2004, the Attorney for the Presentment Agency stated that she was ready to proceed, and also indicated that she had turned over to both Law Guardians additional Rosario material between court dates, to wit, a school safety report and a memobook entry from school [*4]safety personnel. The Law Guardian for Respondent Jamal S. then requested an adjournment to make further motions in this matter. The Law Guardians, after conferring with one another, chose May 6, 2004 as the adjournment date. Respondent Barry G.'s Law Guardian spoke with his client regarding the adjournment and then indicated that his client consented to this adjournment. The Court emphasized that the matter would proceed to trial on the adjournment date, therefore any motions should be made returnable in advance of that date so as to give the court an opportunity to review the motions and render any decisions thereon prior to the continuation of the trial. Despite this, the ensuing Orders to Show Cause filed by the Law Guardians were not heard until May 6, 2004. Although the Presentment Agency was again ready with the complainant present to continue the trial, in light of new cross-motions made by the Law Guardian for Respondent Barry G., including accusations of prosecutorial misconduct, this court adjourned the proceedings so that counsel might respond in writing. The matters were rescheduled for decision as to all issues, and for continued trial on May 13, 2004.
On May 13, 2004, the Law Guardian for Respondent Jamal S. was out ill and covering counsel requested an adjournment. The Presentment Agency Attorney indicated the complainant was unavailable as well that day. Additionally, the Presentment Agency Attorney advised the court that the substance which Respondent Barry G. was accused of selling to an undercover officer had been tested at the police lab and was negative for any controlled substance, so there was a consent to his parole. Although the Law Guardian for Respondent Jamal S. indicated that there may be a resolution of his case, therefore mooting out many of the pending motions, and despite the fact that Respondent Barry G. was now being paroled, the Law Guardian for Barry G. insisted on having decisions rendered on the pending motions, so again the Court did give brief verbal decisions on the record, with this written decision to follow.
The continued fact-finding is now scheduled to proceed on June 10, 2004.
I. Rosario Material
In People v. Rosario, 9 NY2d 286, cert. denied, 368 US 866 (1961) the New York Court of Appeals held that a "right sense of justice" requires that the prosecution provide to the defense any prior written or recorded statement, made by a person whom the prosecution intends to call as a witness and which relates to the subject matter of the witness' testimony, which statement was made to or at the behest of law enforcement or which is in their possession or control. This was an adoption of the existing federal model into New York criminal practice at that time. [See, Jencks v. U.S., 353 US 657 (1957)].
The genesis of this rule however, remained based upon policy considerations and was never held to involve federal or state constitutional entitlements. People v. Rosario, supra; People v. Jackson, 78 NY2d 638 (1991). This remained the case even after the pronouncement in People v. Ranghelle, 69 NY2d 56 (1986) and its progeny [(People v. Jones, 70 NY2d 547 (1987); People v. Consolazio, 40 NY2d (1976), cert. denied, 433 US 914 (1976)) when the Court of Appeals established a "per se" error rule for the "complete" failure of the prosecution to provide Rosario material to the defense.
Since February 1, 2001, and in direct response to the Rosario/Ranghelle court made rule, the New York State Legislature, with the support of the Governor, enacted Criminal Procedure Law Section 240.75 which statute retreated from the "per se" error rule and extended the "reasonable possibility" or "harmless error" standard, already familiar to New York criminal [*5]practitioners with respect to alleged Brady violations. In other words, the total failure to disclose Rosario material "shall not constitute grounds for any court to...reverse, modify or vacate a judgment of conviction in the absence of a showing by the defendant that there is a reasonable possibility that the non-disclosure materially contributed to the result of the trial..." CPL §240.75.
This court concurs with Hon. Stephen J. Bogacz, author of New York Juvenile Delinquency Practice, wherein he proposes the following ramifications of the CPL enactment to juvenile matters at page 254:
 Practice Consideration: While the state legislature added no new section similar to the new CPL §240.75 in the FCA, none should be needed in this context. The Court of Appeals created the Ranghelle rule exclusively in the adult criminal justice system on an adult criminal case. It was extended to respondents in juvenile delinquency cases solely through case law and simply to provide such juveniles with rights equal to those enjoyed by criminal defendants. The FCA itself has never mandated the application of the per se error standard (see FCA §331.6), nor for that matter has the CPL. By eliminating the rule in criminal practice, the legislature has removed the foundation which allowed for the extension of the Ranghelle prescript to juvenile delinquency practice as a matter of fairness. Without any specific language in the FCA to warrant such a rule, there is no reason for the courts to now define one exclusively for juveniles. The better practice would be to continue a policy of equity by adopting the legislative intent that underlies CPL §240.75 across the board.
Even were this logical approach rejected, as the Law Guardians herein urge this court to do, it may not be disputed that there do already exist sections of the Family Court Act whereby sanctions are explicitly delineated for a failure to comply with the discovery provisions of the Family Court Act: "[T]he court may order such party to permit discovery of the property not previously disclosed, grant a continuance, issue a protective order, prohibit the introduction of certain evidence or the calling of certain witnesses or take any other appropriate action". FCA §331.6 (1). In fact, as Douglas Besharov and Merril Sobie state in their Practice Commentary, McKinney's Consolidated Law of New York Annotated, Book 29A, Family Court Act, Article 3, 1999, p. 271:
This section grants the court broad discretion in imposing a sanction for violation of its provisions. But, barring specific justification, [*6]judges need to avoid imposing sanctions that are so stringent that they amount to penalties on the presentment agency. Rather, "the court's attention should focus primarily on the overriding need to eliminate prejudice to the defendant." (In the Matter of David H., 170 Misc. 2d 58..., quoting People v. Martinez, 71 NY2d 987 (1988)).
FCA §§ 331.2 (2)(a) and 5 and 331.5 (4) recognize continuing obligations of both the Presentment Agency and the defense to provide disclosure of material subject to discovery which is subsequently identified through their diligent, good faith efforts, although neither need subpoena such material if it is equally available to both.
Although the Law Guardians are correct in their assertion that in Matter of T.F., NYLJ, 7/21/01, p. 22, col.2, this Court stated that the statements of witnesses taken by school officials are material and relevant and that the respondent has a statutory right to their production, which this court reiterates herein, they are incorrect in their reliance upon this decision as authority for the argument that such production is governed by FCA § 331.4. In Matter of T.F., supra, the Law Guardian alleged that there were written statements made by the complainant, the respondent and other witnesses to school officials. This Court recognized the respondent's right to the discovery of these materials, if such materials existed, that were subpoenaed by the Law Guardian as part of her own investigation, never claiming that such materials constituted Rosario or Brady material.
This Court ultimately held the Board of Education in civil contempt for failing to comply with the Law Guardian's subpoena duces tecum in Matter of T.F., supra. There is nothing contained in the holding of that decision or in its dicta which stated or implied that the Presentment Agency bore the burden of turning over those materials, obtainable only by subpoena, to the Law Guardian.
While it is of course true that where Rosario material is concerned, the prosecution must make same available despite the fact that the defense might obtain the material him/herself. People v. Perez, 65 NY2d 154 (1985); In the Matter of David G., 125 Misc. 2d 705. Nonetheless, Besharov and Sobie report at pp. 266-67:
...[T]he untimely production of "Rosario material is usually not grounds for dismissal or reversal 'In re Shawn L., 234 AD2d 197...(1st Dept., 1996); see People v. Martinez, 71 NY2d 973...1988), stating that sanctions "should focus primarily on the overriding need to eliminate prejudice to the defendant." Among the sanctions the court should consider is: ordering the case to proceed to fact finding without the testimony of the witness to whom the Rosario material applied,..., or granting of a brief adjournment to provide counsel with the time needed to obtain the [*7]material and prepare for the cross-examination...
In People v. Garrett, 77 AD2d 1, 3 (2nd Dept., 1992) the court held, "[t]he law does not require that a tardy turnover of Rosario material mandates dismissal of an indictment...The per se rule, established in People v. Ranghelle...is that 'when the People delay in producing Rosario material, the reviewing court must ascertain whether the defense was substantially prejudiced by the delay." See also, People v. Vargulik, 130 AD2d 530 (2nd Dept., 1987).
In the case of In re Robert S., 259 AD2d 687 (1st Dept., 1999), the Appellate Court held in a juvenile delinquency case that the failure of the presentment agency to turn over a 911 tape at the commencement of the fact finding was not a basis for dismissal of the petition, where the trial court offered to permit the witness who made the 911 call to be recalled to submit to additional cross-examination by the defense once the tape was provided to them.
As was indicated by this Court repeatedly in colloquy with counsel herein as well as in its oral decisions on this issue on April 28, 2004 and May 13, 2004, every Court decision on this issue no matter the philosophy of sanction followed, contemplated a fact pattern wherein the defense was not already in actual possession of the Rosario or discovery material.
Indeed by analogy, in the area of "notice of intent" requirements pursuant to FCA §330.2 (2) both the First and Second Department Appellate Divisions have held that "actual notice" of the existence of physical evidence and the presentment agency's intent to offer same at the fact-finding hearing obviates the need to serve formal written notice. In the Matter of Alex C., 110 AD2d 635 (2nd Dept., 1985); In the Matter of Eddie M., 207 AD2d 745 (1st Dept., 1994).
Thus the written statement of the complainant made to the school principal, in the presence of the police, which has not yet sufficiently been established on the record to constitute Rosario material [In The Matter of Jermaine P., 46 Misc. 2d 443 (Family Court, Kings County, 1990)], and even if it is so established, which defense counsel, by virtue of their actual possession of it, are able to utilize to cross-examine the complainant, who is still on the witness stand, renders any sanction against the Presentment Agency, inappropriate and unnecessary.
As for the complaint report and School Safety Agent memobook entry, those have been conceded by the Presentment Agency to be Rosario material so the court need not rule on that issue. The production of those documents to the defense although late, again occurred while the complainant is still on the witness stand and subject to continued cross-examination. Contrary to Respondent Barry G.'s claim, there is no evidence of, and the court does not perceive, any bad faith or prosecutorial misconduct in this regard. Finally, the defense have not demonstrated any prejudice by the tardy receipt of these materials, other than to allege same in conclusory terms, so therefore again, it is inappropriate and unnecessary for this court to impose any sanction against the Presentment Agency.
With respect to written statements by other witnesses/students to the incident made to school personnel and in the Law Guardians' possessions, those persons have not been called to testify and therefore there is no Rosario issue for the court to address.
II. Brady Material
In Brady v. Maryland, 373 US 83 (1963) the United States Supreme Court held that any [*8]evidence that is in the possession, custody or control of the prosecution and which is both favorable and material to the defense, i.e., evidence that would "tend to exculpate" the defendant, must be disclosed immediately. New York has adopted this same rule, [People v Ahmed, 20 NY2d 958 (1967)], which is grounded in the federal and state constitutional rights to confrontation of witnesses and effective assistance of counsel.
Even so, the aforementioned "reasonable possibility" test has always been the standard in New York State for consideration of sanctions for the failure by the prosecution to make such disclosures. People v. Scott, 88 NY2d 888 (1996); People v. Vilardi, 76 NY2d 67 (1990); Matter of Evan U., 244 AD2d 691 (3rd Dept. 1997).
Again, as was stated earlier herein, while FCA § 331.2 (2)(a) requires that the prosecution make a good faith effort to produce such material, it need not subpoena the evidence if the respondent may as well. In other words, it must disclose the existence of same but is not responsible for actually providing it in all instances. In fact, an item of evidence does not even constitute Brady material if the defense has actual knowledge of its existence or is in possession of it. People v. Fein, 18 NY2d 162 (1966); People v. Tangney, 306 AD2d 360 (2nd Dept., 2003); People v. Ahmed, 244 AD2d (2nd Dept., 1997); People v. Rodriguez, 223 AD2d 605 (2nd Dept., 1996); People v. Cramer, 166 AD2d 316 (1st Dept., 1990) appeal denied, 77 NY2d 993; People v. Banks, 130 AD2d 498 (2nd Dept., 1987), appeal denied, 70 NY2d 709; and Matter of Evan U., supra.
The written statement of the complaining witness is simply not Brady material. Nor is the complaint report and/or memobook entry. The statements of two other students/witnesses which are in defense counsels' possession are also not Brady material for that very reason. Additionally, they do not exculpate the respondents from the charged delinquent behavior.
Finally, and again, there is no evidence of, and no perceived bad faith or prosecutorial misconduct and no specific prejudice alleged by the respondents. Therefore, no sanction is appropriate or necessary to lie against the Presentment Agency.
III. Respondent Barry G.'s Application for Mistrial
With respect to Respondent Barry G.'s application for a mistrial based upon his remand during the fact-finding hearing, the application is denied for the following reasons. While on parole in the instant matter, Respondent Barry G. was arrested and alleged to have committed an act, which if committed by an adult would constitute a crime, to wit, Criminal Sale of a Controlled Substance. This information, coupled with the Respondent's warrant history at the outset of this proceeding, formed the basis of this Court's belief that if the Respondent was permitted to remain at liberty, he would either not return to Court when required or commit further acts which were he an adult, would constitute crimes, thus resulting in this court's decision to detain him.
In his moving papers, the Law Guardian failed to cite any authority for this application for a mistrial based upon his client's change in parole status during the fact-finding. The Law Guardian also failed to cite any authority for his assertion that the Presentment Agency Attorney should have requested a transfer of the remand application for consideration by another judge. The Law Guardian bases his application for a mistrial solely upon the fact that the remand application was made before the trier of fact, and concludes that this "prejudice" necessitates the granting of his application.
[*9]
FCA § 340.2(1) states that the judge who "presides at the commencement of the fact-finding hearing shall continue to preside until such hearing is concluded and an order entered pursuant to section 345.1 unless a mistrial is declared". FCA § 340.2(3)(b) authorizes the transfer of a case to another judge of the court by reason of removal from the proceeding due to bias, prejudice or similar grounds. The statutory basis for a judge's disqualification from presiding over a proceeding is found in Judiciary Law § 14. Under this section, a judge shall be disqualified from presiding over a particular action, claim, matter, motion or proceeding to which (1) he or she is a party; (2) he or she has been attorney or counsel; (3) he or she is interested; (4) he or she is related by consanguinity or affinity to the controversy within the sixth degree. Absent a legal disqualification under this section, the trial judge is the "sole arbiter of recusal". People v. Moreno, 70 NY2d 403 (1987). This discretionary determination is generally a matter of "personal conscience". See, Moreno, supra at 405; In the Matter of Murphy, 82 NY2d 491 (1993). See also, Ficola v. Town Bd. Government of East Hampton, 276 AD2d 666 (2nd Dept., 2000), appeal dismissed, 96 NY2d 813 (2001), reconsideration denied, 96 NY2d 897 (2001); People v. Grier, 273 AD2d 403 (2nd Dept., 2000).
 In order for the alleged bias or prejudice to disqualify a judge thus resulting in his/her removal from a case, it must " 'stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case' ", [People v. Moreno, 407 NY2d 403, 407 (1987), citing United States v. Grinnell Corp., 384 US 563, 583)] and "'bias or prejudice which can be urged against a judge must be based upon something other than rulings in the case.' " Moreno supra at 407, [citing Berger v. United States, 255 US 22, 31 (1921)]. An allegation of bias or prejudice without the relevant statutory basis (see, Judiciary Law
§14) and unconnected with an interest in the controversy, will not be a cause for disqualification unless shown to affect the result. People v. Bartolomeo, 126 AD2d 375 (2nd Dept., 1987).
Moreover, as the Court of Appeals stated in Moreno, "[u]nlike a jury, a Judge 'by reasons
of...learning, experience and judicial discipline, is uniquely capable of distinguishing the issues
and of making an objective determination' based upon appropriate legal criteria, despite awareness
of facts which cannot properly be relied upon in making the decision"[(citing People v. Brown, 24
NY2d 168, 172 (1969)]. Indeed, courts have found that a trial court's knowledge of additional criminal conduct or other bad acts by the accused does not constitute grounds for disqualification. See e.g., People v. Collins, 136 AD2d 722 (2nd Dept., 1988), appeal denied, 71 NY2d 894 (the trial judge in a defendant' s criminal trial presided at an earlier trial of the defendant on unrelated charges); People v. Latella, 112 AD2d 324 (2nd Dept., 1985), appeal denied, 65 NY2d 983 (1985) (Sandoval hearing judge was not disqualified from presiding at a non-jury trial); Matter of Jose L., 64 AD2d 598 (1st Dept., 1978), appeal dismissed, 48 NY2d 663 (1979), cert. denied, 444 US 1087 (1980) (disqualification not warranted where same judge [*10]presided at two separate fact-finding hearings within one month for the same respondent); People v. Smith, 108 AD2d 763 (2nd Dept., 1985) (judge not required to be disqualified from conducting the trial after determining the inappropriateness of a plea agreement); People v. Manley, 103 AD2d 1024 (4th Dept., 1984) (judge not disqualified after hearing incriminating statements made by the defendant during the plea colloquy, then refusing to accept the plea and proceeding to trial); People v. Muka, 72 AD2d 649 (3rd Dept., 1979) (judge not required to be disqualified from conducting the trial where the defendant had lodged criminal complaints against him stemming from his denial of pre-trial motions); and In the Matter of Samuel P., 77 AD2d 879 (2nd Dept., 1980) (there was no prejudice in having the designation "designated felony" appear on the face of such a petition even though it may alert the fact-finding judge to the respondent's prior record of felony findings).
In the instant case, the Law Guardian's allegation of prejudice against his client stems from a ruling in the case and not from an extrajudicial source. The Law Guardian has failed to demonstrate any prejudice against his client based upon this court's ruling with respect to his client's parole status, other than his conclusion that such prejudice exists. Such a claim is merely speculative at best, and thus insufficient to warrant this court's removal from this proceeding. More importantly, this court perceives no prejudice against Respondent Barry G. and will have no difficulty rendering a determination at this fact-finding hearing based solely upon the evidence, not colloquy, not remand/parole arguments, and not even the instant motion practice. Therefore, since the Law Guardian has failed to establish either a statutory basis for this Court's disqualification or any prejudice to his client, the application for a mistrial is denied as well.
This same rationale lies with respect to Respondent Barry G.'s challenge to this court's impartiality as a result of it having reviewed the very witness statements which the same Respondent wishes the court to characterize as a matter of law to be Rosario/Brady material. So, this application for a mistrial and/or recusal of the court is denied as well.
Finally, there is no evidence of, nor does this court perceive, any bad faith or prosecutorial misconduct. Indeed the Presentment Agency immediately revealed the failure of the police lab to establish the presence of any controlled substance in Respondent Barry G.'s subsequent arrest and requested his release from detention on May 13, 2004, which parole this court did grant.
The federal and state constitutional violations which the Law Guardian for Barry G. argues have occurred in this case are also conclusory statements, and other than that which this court has already addressed, are not otherwise evident.
IV. Motion to Sever Respondent Jamal S.'s Case
FCA § 311.3 permits the court, in its discretion and for good cause shown, to order that any respondent be granted a fact-finding separate from another co-respondent. This pre-trial motion, as described in FCA § 332.1(2), should be filed within 30 days after the conclusion of the initial appearance and before commencement of the fact-finding hearing, or within such additional time as the court may fix upon application of the respondent prior to entering a finding pursuant to FCA § 345.1. See, FCA § 332.2(1). FCA § 332.2(3) allows the respondent, at any time before the conclusion of the fact finding hearing to make "any appropriate motion" based upon grounds of which the respondent could not, with due diligence, have been previously aware [*11]or which for other good cause, could not reasonably have raised within the time period specified herein. This section goes on to state that any pre-trial motions made after this time period may be summarily denied, however the court, in the interest of justice and for good cause shown may, in its discretion, at any time before a finding is entered, entertain and dispose of the motion on the merits. Cf., Criminal Procedure Law § 220.40. The motion for a separate trial is directed to the sound discretion of the court. People v. Bornholdt, 33 NY2d 75 (1973), cert. denied, 416 US 905 (1974); People v. Owens, 22 NY2d 93 (1968).
In the instant matter, Respondent Jamal S.'s application for severance is based upon the "expeditious" manner in which the case is now being handled as a result of the co-respondent's remand after the commencement of the fact-finding. Having become aware of the school-generated witness statements only on the day the trial commenced, the Law Guardian is seeking additional time for further investigation.
Ironically the instant motion practice itself has occasioned an additional 17 days within which time the Law Guardian for Respondent Jamal S. could continue that investigation, despite the fact that April 27th was day 57 for trial. As of May 13, 2004, Respondent Jamal S. was paroled and the cases adjourned to June 10th, another 28 days afforded to both respondents for this purpose.
This Court notes that since the cross-examination of the complaining witness has barely begun, it is likely that even further continuances will ensue before the fact-finding may be concluded, and the closer we get to Regents Examinations and the end of the school year, the less likely will be the availability of student witnesses. Additionally, juveniles are entitled to a speedy fact-finding (Frank C., supra) which shall not be conducted in a piece-meal manner. In the Matter of George T., 99 NY2d 307 (2002). As such, this court finds that the application for severance of the fact-finding at this juncture should be denied.
V. Prosecutorial Misconduct/Insufficiency of the Petition
With respect to the allegation of prosecutorial misconduct raised by Respondent Barry G.'s Law Guardian, this Court finds that such allegations are devoid of merit. For the reasons previously stated herein, this Court finds no basis in law or fact for concluding that any Rosario or Brady violations have occurred in this matter, or that any prejudice has occurred to his client as a result of his change in parole status. Furthermore, to the extent that the Law Guardian contends that any prosecutorial misconduct occurred in connection with his discovery requests, this court would note that the Law Guardian did not make a motion to compel discovery in this matter pursuant to FCA § 331.3 and his extra-judicial discovery demand was not consistent with that which is provided for by FCA § 331.2 in any event. The information contained in the Voluntary Disclosure Form provided by the Presentment Agency did fulfill the statutory requirements and the failure to move to compel further disclosure suggests that the Law Guardian was satisfied with the information received. Therefore, the motion to preclude the complainant's testimony and to dismiss on these grounds is also denied.
Finally, with respect to the motion to dismiss the petition of Respondent Barry G. on legal insufficiency grounds, this court notes that the Law Guardian previously filed an Omnibus Motion on similar grounds which was denied by this Court on April 14, 2004. The Law Guardian did not make a determination to renew or reargue that motion pursuant to section 2221 of the Civil Practice Law and Rules. As such, the motion is deemed untimely and is thus [*12]summarily denied on this basis. See, FCA § 332.2.
WHEREFORE, for all the reasons stated herein, it is hereby,
ORDERED that the petitions shall not be dismissed; and it is further,
ORDERED that a mistrial shall not be declared; and it is further,
ORDERED that the court shall not recuse itself; and it is further,
ORDERED that there shall not be a severance of the fact-finding hearings; and it is further,
ORDERED that there shall be no preclusion of the complainant's testimony; and it is further,
ORDERED that there shall be no sanctions imposed on the Presentment Agency; and it is further,
ORDERED that the statutory requirements for discovery and petition sufficiency have been complied with.
This constitutes the decision and orders of the Court.
Notify Counsel.
E N T E R:
Dated: June 10, 2004 
Queens, New York
Hon. Fran L. Lubow
Judge of the Family Court