█ In the Matter of RODNEY D., a Person Alleged to be a Juvenile Delinquent, Respondent; PRESENTMENT AGENCY, Appellant. [812 NYS2d 380]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the presentment agency appeals from an order of the Family Court, Kings County (Turbow, J.), dated June 22, 2005, which dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The fact-finding hearing in this matter was scheduled to commence on June 7, 2005, which was deemed day 60 for purposes of Family Court Act § 340.1 (2). On that date, the presentment agency had a witness present in court and announced its readiness to proceed. The Family Court, however, refused to allow the presentment agency to proceed because of its failure to turn over certain subpoenaed *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) that the agency represented might have been generated in connection with the case. Instead, the Family Court adjourned the matter to allow the respondent to submit a speedy trial motion. Moreover, the Family Court stated, on the record, that the adjournment was not for "good cause" shown and, therefore, could not serve to further toll the 60-day period (*see* Family Ct Act § 340.1 [2], [4]). On the return date of the motion, the Family Court

dismissed the petition with prejudice. This appeal followed. We reverse.

Even if the *Rosario* material existed, the failure to furnish it did not prevent the presentment agency from being ready and able to commence the fact-finding hearing within the meaning of Family Court Act § 340.1 (2) (*see Matter of Shawn L.,* 234 AD2d 197, 198 [1996]). Thus, to the extent that the Family Court, in refusing to permit the hearing to commence, "was operating on the premise that the presentment agency could not be ready for a fact-finding hearing until *all Rosario* material was present in [the] courtroom, this was error" (*Matter of Shawn L., supra* at 198 [emphasis added]; *cf. Matter of Robert S.,* 259 AD2d 339 [1999]; *Matter of Rashawn F.,* 210 AD2d 405 [1994]). Thus, the presentment agency, which neither required nor requested an adjournment, was improperly deprived of an opportunity to timely commence the fact-finding hearing (*see Matter of Robert B.,* 187 AD2d 347, 349 [1992]). Accordingly, we reverse the order and reinstate the petition.

The respondent's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Goldstein, J.P., Luciano, Rivera and Fisher, JJ., concur.