■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LAROCCA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered November 28, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends on appeal that he was deprived of his constitutional right to a speedy trial due to preindictment delay. "In terms of a defendant's due process right to a prompt prosecution after the occurrence of the criminal transaction, there are four factors of primary importance: (1) the length of the delay; (2) the reason for the delay; (3) the degree of actual prejudice to the defendant; and (4) the seriousness of the underlying offense" *(People v Bryant,* 65 AD2d 333, 336).

At bar, the murder for which the defendant was indicted in 1985 actually occurred in 1968. The defendant contends that the People acted in bad faith by not obtaining an indictment during the period from 1979 to 1984. In 1979, and then again in 1984, the People were contacted by the Federal Bureau of Investigation concerning a potential witness. The People claim that they did not interview the witness during this period, since at that time they did not consider the witness, who had been the target of a number of investigations, to be reliable or credible. In addition, the witness was being debriefed by Federal authorities and was not made available to local authorities. We find that the People had a good-faith basis to believe they lacked sufficient evidence to successfully prosecute the defendant during this period. Furthermore, the nature of the offense was serious, and there is no convincing support for the defendant's "routine-like claim of prejudice" *(People v Fuller,* 57 NY2d 152, 160).

Accordingly, although we are faced with a delay of approximately 17 years between the date of the murder and the commencement of the criminal proceeding, we conclude that the County Court properly held that the defendant had not been deprived of due process.

The defendant also contends that the trial court erred when it denied an application for a mistrial predicated on the People's alleged failure to divulge *Brady* material prior to trial. While a prosecutor is under a duty to turn over, upon

the request of the defense counsel, evidence favorable to the accused, "it is well settled that evidence is not deemed to be *Brady* material when the defendant has knowledge of it" *(People v Banks,* 130 AD2d 498, 499). Here, it is clear that the defendant was both aware of the existence of, and in possession of, the alleged *Brady* material before and during his trial, as he attempted to use it for cross-examination of a key prosecution witness and proffered it for identification as a defense exhibit.

The defendant next argues that reversal of his conviction is required because during deliberations and in the absence of the defendant, the trial court entered the jury room and informed the jury, in response to their inquiry, that they could not be supplied with a particular witness's Grand Jury testimony because the document was not in evidence. We find this not to be error in view of the consent of the defendant.

We have examined the defendant's other contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.