■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUKELE LEWIS, Appellant. [610 NYS2d 288] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered December 19, 1990, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidenced adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Significantly, an eyewitness to the attack largely corroborated the defendant's pre-trial statements to police that the victim was fatally stabbed in the course of an attempted robbery.

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, who saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that the trial court should have charged the affirmative defense to felony murder is unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, as the affirmative defense to felony murder conflicted with the defendant's own trial testimony that the murder was the product of a brawl in which he was not involved, and not an attempted robbery, the trial court was not required to instruct the jury on that defense *(see, People v DeGina,* 72 NY2d 768, 776; *People v Maldonado,* 175 AD2d 698, 700). Moreover, defense counsel's strategy in focusing on the defendant's claim that he fabricated the attempted robbery story in order to avoid being charged with murder, while ultimately unsuccess-

ful, was diligently pursued and the defendant's judgment of conviction does not warrant reversal based upon a claim of ineffective assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 147; *People v Lockhart,* 167 AD2d 427).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur.