■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN RODRIGUEZ, Appellant. [637 NYS2d 171] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Demakos, J.), rendered June 2, 1992, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Friedmann, J.), of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, there was no "unnecessary delay" in his arraignment (CPL 140.20 [1]; *see, People v Wilson*, 56 NY2d 692; *People v Blake*, 35 NY2d 331; *People v Quartieri*, 171 AD2d 889; *People v Cooper*, 101 AD2d 1).

The defendant's confession was voluntary and not subject to suppression (*see, People v Ortlieb*, 84 NY2d 989).

The defendant maintains that the prosecutor's failure to provide him with a photographic array was error. We disagree. It is axiomatic that a prosecutor is under a duty to turn over, upon the request of defense counsel, evidence favorable to the accused (*see, Brady v Maryland*, 373 US 83). However, it is well settled that evidence is not deemed to be *Brady* material when the defendant has knowledge of it (*see, People v Fein*, 18 NY2d 162; *People v LaRocca*, 172 AD2d 628). Here, the record clearly establishes that the defense counsel knew of the photographic array and of the non-identification by a witness who had not been called by the People to testify at trial. Additionally, the defense counsel stated at trial that he had spoken to the witness and that the defense counsel's investigator had spoken to the witness on two occasions. The conversations revealed the substance of the witness's interview by the police. Moreover, the defense counsel had scheduled the witness to testify, however, on the day that the witness was to be called, the defense counsel indicated that he had decided not to call the witness. Thus, contrary to the defendant's contention, there was no *Brady* violation as a result of the People's failure to provide him with the photographic array.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Rosenblatt and Altman, JJ., concur.