OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted of first degree manslaughter and criminal possession of a weapon in the second and third degree. At trial Glenn Shaw, the only eyewitness, testified that after hearing what sounded like a gunshot, he saw the defendant holding a handgun, a woman named Jacqueline Lewis, an unidentified man, and a fourth person running away from the
 
 *890
 
 victim’s house. Shaw testified that he could not tell whether the fourth person was a man or a woman.
 

 Defendant moved to vacate his conviction pursuant to CPL 440.10, claiming the People failed to produce
 
 Brady
 
 material
 
 (see, Brady v Maryland,
 
 373 US 83) in the form of a "scratch” sheet dated November 18, 1985, which alluded to a polygraph examination of Shaw. Defense counsel had made a discovery request for "a copy of the report of the polygraph exam(s) given to the confidential informant showing date(s) of exam and all results.” The sheet in question, which was not produced, is entitled "homicide bureau information sheet" and reads:
 

 "Facts:
 

 "The deceased was found by his father lying in the foyer of his apartment with a gunshot wound to the eye.
 

 "Action taken:
 

 "The witness, Glenn Shaw submitted to a polygraph test conducted on 11/4/85 at 3:00 P.M. by Mr. Joe Ponzi, Senior Investigator for the purposes of verifying the statement given to A.D.A. S. Miller on 9/23/85. Mr. Ponzi determined that the witness was withholding pertinent information. When confronted with this conclusion, the witness stated that he knew the identity of the second male but was unwilling to disclose the name.”
 

 The trial court granted defendant’s motion and ordered a new trial, finding that the request was a specific one and that there was a "reasonable possibility” that the document, had it been made available, would have aifected the outcome of the trial. Although agreeing with the trial court that the document in question was
 
 Brady
 
 material and had not been produced to the defense, the Appellate Division reversed on the basis that defendant’s request was not specific and consequently the more stringent "reasonable probability” standard of materiality applied, which was not satisfied.
 

 A defendant has the right, guaranteed by the Due Process Clauses of the Federal and State Constitutions, to discover favorable evidence in the People’s possession which is material to guilt or punishment
 
 (Brady v Maryland, supra; People v Vilardi,
 
 76 NY2d 67, 73). Where the prosecutor has been made aware by a specific discovery request that defendant considered certain material important to the defense, the failure to dis
 
 *891
 
 close such evidence is governed by a "reasonable possibility” standard of prejudice — i.e., a reasonable possibility that the outcome of the trial would have differed had the evidence been produced
 
 (People v Vilardi,
 
 76 NY2d at 77). Where the defense has provided specific notice of its interest in particular material, heightened prosecutorial attention is appropriate.
 

 We agree with the trial court that defense counsel’s request was a specific one. It provided specific notice of the defense’s desire for the witness’s polygraph test results. That the defense did not know the precise form of the document does not alter the fact that the request provided particularized notice of the information sought. Because the request was specific the "reasonable possibility” test of materiality applied.
 

 Even under this standard, however, denial of defendant’s motion was required. A polygrapher’s opinions regarding the witness’s veracity are not admissible evidence
 
 (see, People v Angelo,
 
 88 NY2d 217). Furthermore, at the hearing on defendant’s motion, the Assistant District Attorney who prepared the document testified that she had no recollection of the source of the information. The trial prosecutor testified that Detective Ponzi told her Shaw had been "one hundred percent” truthful. Detective Ponzi himself submitted an affidavit stating that the examination showed Shaw to have been truthful and that he never determined that Shaw was withholding information. Under these circumstances, there is no reasonable possibility that the outcome of the trial would have differed had the document been produced.
 

 Defendant’s remaining contentions lack merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur; Judge Smith taking no part.
 

 Order affirmed in a memorandum.