# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3566

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Chad Joseph Sumner, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 10, 1999

Filed: March 26, 1999

_____

Before FAGG and WOLLMAN, Circuit Judges, and WEBBER,[1] District Judge.

_____

PER CURIAM.

Chad Joseph Sumner appeals his conviction of robbery, a violation of 18 U.S.C. § 2111, and from the fifty-one month sentence imposed by the district court.[2] We affirm.

_____

[1]The HONORABLE E. RICHARD WEBBER, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

# I.

On September 13, 1997, Sumner and several others were drinking on the grounds of St. Mary's Catholic cemetery on the Red Lake Indian Reservation. Without warning, Sumner attacked Jerilyn Whitefeather, a member of the group. He punched Whitefeather in the face, threw her to the ground, and kicked her. He then demanded her car keys. After digging the keys out of one of Whitefeather's pockets, Sumner drove away in her car. The automobile was discovered abandoned the next day. There was interior and exterior damage to the car, and the stereo system had been removed.

# II.

Sumner contends that the government violated the dictates of Brady v. Maryland, 373 U.S. 83 (1963), by failing to inform him that a fingerprint analysis of an envelope found in the car failed to match his own prints. The latent print analysis of the envelope did not identify a matching set of fingerprints.

> In order to prove a Brady violation, the "defendant must show that the prosecution suppressed the evidence, the evidence was favorable to the accused, and the evidence was material to the issue of guilt or punishment." Evidence is material under Brady "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." "Reasonable probability" is defined as a "probability sufficient to undermine confidence in the outcome."

United States v. Flores-Mireles, 112 F.3d 337, 339-340 (8th Cir.), cert. denied, 118 S. Ct. 350 (1997) (citations omitted).

We conclude that no Brady violation occurred here. Although the fingerprint analysis indicated that the prints did not match Sumner's, that fact would have been

of little or no import. In addition to Whitefeather, two other witnesses testified that Sumner attacked Whitefeather and left with her car. In light of this testimony, there is no reasonable probability that the verdict would have been different had the results of the fingerprint analysis been made known to Sumner prior to trial.

During the trial, the prosecutor asked a Red Lake police officer if he knew what Sumner's status was at the time of his arrest. The officer answered that Sumner "had active tribal warrants in Red Lake and also an active federal warrant." Defense counsel's objection on relevancy grounds was sustained and the answer was stricken. Moments later, defense counsel moved for a mistrial. The district court overruled the motion, but gave the jury a cautionary instruction. Sumner contends that the district court abused its discretion in denying the motion for mistrial. We do not agree. See, e.g., United States v. Brown, 903 F.2d 540, 542 (8th Cir. 1990) (reference to the defendant's pretrial detention did not require a mistrial where the remark was isolated and a cautionary instruction was given to the jury); United States v. Leisure, 844 F.2d 1347, 1362 (8th Cir. 1988) (witness reference to a state court indictment was harmless error, where evidence from other witnesses confirmed the defendant's guilt); United States v. Hernandez, 779 F.2d 456, 460 (8th Cir. 1985) (reversal of the conviction was not proper when, although the court failed to give a curative instruction, the improper prosecutorial comment had minimal cumulative effect and strong evidence of the defendant's guilt was presented).

Sumner also argues that the district court erred in imposing the two-level sentencing enhancement that the Sentencing Guidelines call for if the victim of a robbery suffers bodily injury. See U.S.S.G. § 2B3.1(b)(3)(A). Whitefeather testified that Sumner punched her in the face and kicked her repeatedly. She was required to visit the hospital for x-rays. In addition, she testified that her face was red and puffy for a substantial period of time, that she had a black eye for three weeks, and that her face was tender six months after the incident. Thus, this is not a case in which there was not even a minimal showing of bodily injury, as was the case in United States v.

<u>Dodson</u>, 109 F.3d 486 (8th Cir. 1997).  Accordingly, we conclude that the district court did not clearly err in imposing the enhancement.  <u>See</u> <u>United States v. Coney</u>, 949 F.2d 966, 968 (8th Cir. 1991) (applying clearly erroneous standard to sentence enhancements).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.