■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ALLEN, Appellant. [727 NYS2d 331] —Appeal by the de-

fendant, by permission, from an order of the Supreme Court, Queens County (LeVine, J.), dated October 14, 1997, which denied, without a hearing, his *pro se* motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered March 28, 1991, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and escape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

A motion to vacate a judgment of conviction pursuant to CPL 440.10 cannot be made as a substitute for a direct appeal from the judgment when the defendant could have raised his claims on appeal, but failed to do so. Therefore, the Supreme Court properly denied the defendant's *pro se* motion based upon his claim that he received ineffective assistance of counsel because defense counsel admitted to the jury that the defendant was guilty of the charge of escape in the first degree (*see, People v Cooks,* 67 NY2d 100, 104; *People v Kotler,* 271 AD2d 548). In any event, the concession of guilt on that charge by the defense counsel was not an indication of incompetence. "[S]uch defense tactics, whereby counsel admits guilt on a lesser charge in the hope that the jury would then be more receptive to the claim that the defendant was innocent of the far more serious offense and acquit him thereof, is a perfectly acceptable strategy which should not be 'second guess[ed]' by the courts" (*People v Plaza,* 133 AD2d 857, 858; *see, People v Procks,* 258 AD2d 951; *People v Goss,* 229 AD2d 791, 793; *People v Lewis,* 203 AD2d 389).

The defendant's contention that his attorney was ineffective for failing to have him examined to determine his competency to stand trial is also without merit. Although "the criminal trial of an incompetent defendant violates due process" (*Medina v California,* 505 US 437, 453; *see, People v Pena,* 251 AD2d 26, 29), the defendant failed to demonstrate that defense counsel was aware that he was incompetent to stand trial. "The test for determining competency is whether the accused has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational and factual understanding of the proceedings against him" (*People v Pena, supra,* at 30). Although there was evidence of the defendant's repeated suicide attempts, he failed to establish that he was incompetent or that his attorney was aware of his alleged incompetency (*see, People v Elliott,* 187 AD2d 666, 667; *People v Buckley,* 139 AD2d 589).

In addition, the defendant's claim of a *Rosario* violation (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) is also

without merit, as it is based upon unsubstantiated allegations that a document was withheld from defense counsel. The People submitted an affirmation in opposition to the defendant's motion, stating that the material was produced to defense counsel, and the defendant failed to submit an affidavit from his counsel refuting that claim (*see, People v Oliviery-Perez,* 248 AD2d 645, 646). Moreover, even assuming that the document was not disclosed, there is "no reasonable possibility" that the failure to disclose it contributed to the verdict of guilt (*see, People v Machado,* 90 NY2d 187, 189).

The defendant's remaining contention is without merit. Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.