■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH TANGNEY, Appellant. [760 NYS2d 660] —Appeals by the defendant from (1) a judgment of the County Court, Orange County (Berry, J.), rendered August 29, 2001, convicting him of criminal possession of stolen property in the fifth degree, and (2) a judgment of the same court rendered November 30, 2001, convicting him of criminal possession of stolen property in the fifth degree, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the hearing court

properly determined that the search warrant obtained by the police authorized the search of the detached shed on his property, where evidence was found and seized (*see People v Graham,* 220 AD2d 769 [1995]). The explicit terms of the search warrant "authorize[d] the search of the garage that is situated underneath the main house, as well as the detached shed." While certain of the items seized by the executing officers were not enumerated in the search warrant, suppression of those items was not warranted where, as here, the officers were lawfully in a position to observe the items, had lawful access to the items when they seized them, and the incriminating character of the items was immediately apparent (*see Texas v Brown,* 460 US 730, 741-742 [1983]; *People v Brown,* 96 NY2d 80, 89 [2001]; *cf. People v Diaz,* 81 NY2d 106, 110 [1993]).

The defendant has not preserved for appellate review his contention that a new trial is warranted based on the People's failure to provide him with purported exculpatory material pursuant to *Brady v Maryland* (373 US 83 [1963]), to wit: that he was not being prosecuted in connection with one of the items seized at his house (*see People v Bryant,* 298 AD2d 845, 846 [2002]). In any event, "evidence that the defendant may not have committed a crime he was not charged with is irrelevant and inadmissible * * * and is not exculpatory as to the charged crime" (*People v Reynolds,* 104 AD2d 611, 614 [1984]). Further, while it is axiomatic that a prosecutor is under a duty to turn over, upon the request of defense counsel, evidence favorable to the accused (*see Brady v Maryland, supra*), evidence is not deemed Brady material when the defendant has knowledge of it (*see People v Rodriguez,* 223 AD2d 605, 606 [1996]). The defendant knew or should have known that he was not being prosecuted for stealing a so-called "track marker" from Grand Central Terminal, because it was not included in either the indictment or the bill of particulars as an item he was charged with criminally possessing. Accordingly, the subject evidence did not constitute Brady material.

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Smith, J.P., Krausman, Luciano and Crane, JJ., concur.