■ The People of the State of New York, Respondent, v Roderick McClain, Appellant. [861 NYS2d 764]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 18, 2006, convicting him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there was no *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) in this case. *Brady* does not require that a prosecutor "supply a defendant with evidence when the defendant knew of, or should reason-

ably have known of, the evidence and its exculpatory nature" (*People v Doshi*, 93 NY2d 499, 506 [1999]; *see People v Singh*, 5 AD3d 403 [2004]; *People v Tangney*, 306 AD2d 360 [2003]; *People v Rodriguez*, 223 AD2d 605 [1996]; *People v Deas*, 174 AD2d 751 [1991]). Here, the defendant and defense counsel knew of the possibility that the defendant's arrest was captured by a surveillance camera from a nearby housing project. Further, the defendant consistently claimed the surveillance videotape would be exculpatory. Since the defendant knew of the possibility that the tape existed, it was not *Brady* material even if exculpatory (*see People v Singh*, 5 AD3d 403 [2004]; *People v Tangney*, 306 AD2d 360 [2003]). Further, the prosecutor had no obligation to obtain, by subpoena duces tecum, demanded material which the defendant may himself have obtained (*see* CPL 240.20 [2]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention does not require reversal. Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.