THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GABRIEL HUBBARD, Respondent. [18 NYS3d 681]—

Appeal by the People from an order of the Supreme Court, Suffolk County (Efman, J.), dated July 25, 2014, which granted the defendant's motion pursuant to CPL 440.10 to vacate a judgment of the County Court, Suffolk County (Efman, J.), rendered June 7, 2012, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and directed a new trial.

Ordered that the order is affirmed.

The Supreme Court properly granted the defendant's motion pursuant to CPL 440.10 to vacate the judgment for violation of *Brady v Maryland* (373 US 83 [1963]), and directed a new trial. The People have an obligation to disclose exculpatory evidence in their possession that is favorable to the defendant and material to his or her guilt or innocence (*see id.* at 87; *People v Fuentes*, 12 NY3d 259, 263 [2009]; *People v Scott*, 88 NY2d 888, 890 [1996]). "The prosecutor's duty to exchange *Brady* material extends to the disclosure of evidence that can be used to impeach the credibility of a witness for the People whose testimony may be determinative of the defendant's guilt" (*People v Wagstaffe*, 120 AD3d 1361, 1363 [2014]; *see Giglio v United States*, 405 US 150, 154-155 [1972]; *People v Baxley*, 84 NY2d 208, 213 [1994]). In order to establish a *Brady* violation, a defendant must prove: (1) the evidence at issue is favorable to him or her, (2) the evidence was suppressed by the prosecution, either willfully or inadvertently, and (3) prejudice arose because the suppressed evidence was material (*see Strickler v Greene*, 527 US 263, 281-282 [1999]; *People v Garrett*, 23 NY3d 878, 885 [2014]; *People v Hayes*, 17 NY3d 46, 50 [2011]).

Here, the crucial evidence against the defendant at trial was his statement admitting to the shooting, taken by Detective Ronald Tavares. There was no physical evidence connecting the defendant to the crime, and the eyewitnesses could not identify him. Given the importance of Detective Tavares' testimony in establishing the defendant's guilt, the Supreme Court properly determined that evidence concerning allegations that he had procured a false confession in an unrelated matter involving two police officers, which led to an internal affairs investigation of those officers and a federal lawsuit

against, among others, Detective Tavares, was favorable to the defense and material (*see People v Garrett*, 23 NY3d at 886; *People v Ennis*, 11 NY3d 403, 414 [2008]; *People v Jones*, 193 AD2d 696 [1993]). The evidence was responsive to a defense demand and there is a reasonable possibility that the outcome of the trial would have differed had the evidence been produced (*see People v Ennis*, 11 NY3d at 414; *People v Scott*, 88 NY2d 888, 891 [1996]; *cf. People v Garrett*, 23 NY3d at 892). Furthermore, the defendant sufficiently established that the prosecutor had actual knowledge of the allegations against Detective Tavares and the related investigation in the unrelated matter (*see generally People v Santorelli*, 95 NY2d 412, 421 [2000]; *People v Simmons*, 36 NY2d 126, 132 [1975]; *cf. People v Garrett*, 23 NY3d at 891). Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur. 