■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY FRANCOIS, Appellant. [26 NYS3d 479]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered July 18, 2013, convicting him of rob-

bery in the second degree, criminal possession of stolen property in the fourth degree, and reckless endangerment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the complainant's identification testimony. The showup identification of the defendant was conducted in sufficiently close spatial and temporal proximity to the crime so as to be reasonable under the circumstances, and was not unduly suggestive (*see People v Howard*, 22 NY3d 388 [2013]; *People v Gilford*, 16 NY3d 864 [2011]; *People v Brisco*, 99 NY2d 596 [2003]).

The defendant's *Brady* violation claim (*see Brady v Maryland*, 373 US 83 [1963]), is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Padro*, 75 NY2d 820 [1990]). In any event, the claim is without merit, since "evidence is not deemed to be *Brady* material when the defendant has knowledge of it (*see, People v Fein*, 18 NY2d 162 [1966]; *People v LaRocca*, 172 AD2d 628 [1991])" (*People v Rodriguez*, 223 AD2d 605, 606 [1996]). Here, the record clearly establishes that the defendant had knowledge of the evidence at issue, namely, his brother's testimony on his behalf before the grand jury (*see People v Barbera*, 220 AD2d 601 [1995]). Mastro, J.P., Dillon, Miller and Barros, JJ., concur.