██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN MARTIN, Appellant. [27 NYS3d 633]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Warhit, J.), rendered January 24, 2012, convicting him of forgery in the second degree (eight counts), falsifying business records in the first degree (eleven counts), forcible touching, aggravated sexual abuse in the third degree (three counts), and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was a high school computer science teacher and also the coordinator of the school's computer system in which the students' grades, examination scores, and attendance records were entered. The defendant altered the grades, New York State Regents examination scores, and attendance records of several students while he cultivated personal relationships with those students and subjected them to inappropriate physical contact. One student reported the defendant's conduct to the school psychologist, who was interviewed by the police following the defendant's arrest.

The defendant argues that by failing to call the school psychologist as a witness at trial, the People committed a *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]).

"*Brady* does not require that a prosecutor 'supply a defendant with evidence when the defendant knew of, or should reasonably have known of, the evidence and its exculpatory nature' " (*People v McClain*, 53 AD3d 556, 556-557 [2008], quoting *People v Doshi*, 93 NY2d 499, 506 [1999]). Evidence which is known to the defendant, or which is in his possession, is not *Brady* material (*see People v Ahmed*, 244 AD2d 415 [1997]; *People v Rodriguez*, 223 AD2d 605, 606 [1996]; *People v La-Rocca*, 172 AD2d 628, 629 [1991]).

Here, the school psychologist's statements to the police were made available to the defendant in the police report prior to

trial. In addition, the defense had access to the school psychologist, and called him as a witness at trial. The defendant's contention that the People committed a *Brady* violation is therefore without merit (*see People v Rodriguez*, 223 AD2d at 606). Moreover, the County Court did not improperly limit the defendant's examination of the school psychologist (*see People v Keys*, 18 AD3d 780, 781 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.