■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IKEE HALE, Appellant. [39 NYS3d 484]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered August 28, 2012, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in permitting the prosecution to make an ex parte motion for a protective order so as to delay the disclosure of the identity of certain witnesses (*see* CPL 240.50, 240.90 [3]; *People v Pilgrim*, 101 AD3d 435, 435-436 [2012]; *People v Robinson*, 200 AD2d 693, 694 [1994]; *cf. People v Frost*, 100 NY2d 129, 134-135 [2003]). Further, the court properly determined that the prosecution did not commit a *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]), by failing to timely disclose the

identity of one of its witnesses who was the subject of the protective order, as there was no reasonable possibility that such nondisclosure affected the outcome of the trial (*see People v Fuentes*, 12 NY3d 259, 263 [2009]; *People v Graves*, 62 AD3d 900, 901 [2009]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence, as requested by the defendant in point II of his pro se supplemental brief (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention in point I of his pro se supplemental brief, that he was deprived of the effective assistance of counsel, is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including the remaining contentions raised in his pro se supplemental brief, are without merit. Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.