■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC RISPERS, Appellant. [45 NYS3d 217]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 14, 2014, convicting him of robbery in the first degree (four counts), grand larceny in the fourth degree (two counts), petit larceny (two counts), criminal possession of stolen property in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbery in the first degree and other crimes upon, among other evidence, eyewitness testimony establishing that he and two other individuals robbed the owner of a car wash at gunpoint. The defendant

was apprehended after leading the police on a high-speed car chase and subsequent chase on foot. The guns used in the crime and some of the proceeds of the crime were found in the car in which the defendant and his two cohorts had fled.

In his omnibus motion, the defendant sought, inter alia, to suppress the guns recovered from the getaway car. After a hearing, the County Court denied suppression. After a trial at which he was convicted of various charges, the defendant moved to set aside the verdict pursuant to CPL 330.30 (3) on the ground of newly discovered evidence, namely, that the prosecution committed a *Brady* violation (*see Brady v Maryland,* 373 US 83 [1963]) by failing to disclose that, pursuant to a joint investigation by the Yonkers Police Department's Internal Affairs Division and the Westchester County District Attorney's Office, it was discovered that Detective Christian Koch, who testified on behalf of the prosecution at the suppression hearing, had made material, false statements in a search warrant affidavit in an unrelated case. The County Court denied the motion, finding, inter alia, that the defendant failed to establish that a *Brady* violation had occurred.

To establish a *Brady* violation, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material (*see Strickler v Greene,* 527 US 263, 281-282 [1999]). While it is undisputed that the purported *Brady* material was favorable to the defendant for the purpose of impeaching Detective Koch's testimony (*see People v Garrett,* 23 NY3d 878, 886 [2014]), the defendant failed to show that the People suppressed the purported *Brady* material. Although the People are charged with knowledge of exculpatory information in the possession of the local police, notwithstanding the trial prosecutor's own lack of knowledge (*see People v Santorelli,* 95 NY2d 412, 421 [2000]; *People v Wright,* 86 NY2d 591, 598 [1995]), " '[a] police officer's secret knowledge of his own prior illegal conduct in [an] unrelated case . . . will not be imputed to the prosecution for *Brady* purposes where the People had no knowledge of the corrupt officer's "bad acts" until after . . . trial' " (*People v Garrett,* 23 NY3d at 887-888, quoting *People v Johnson,* 226 AD2d 828, 829 [1996]; *see People v Vasquez,* 214 AD2d 93, 95 [1995]; *see e.g. People v Kinney,* 107 AD3d 563, 564 [2013]; *People v Longtin,* 245 AD2d 807, 810 [1997], *affd* 92 NY2d 640 [1998]). Here, the People did not discover Detective Koch's false statements until after the trial had ended.

Accordingly, the County Court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30 (3).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Chambers, J.P., Roman, Miller and Barros, JJ., concur.