People v Portilloaguilar (2018 NY Slip Op 06119)





People v Portilloaguilar


2018 NY Slip Op 06119


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-07891
 (Ind. No. 2215/12)

[*1]The People of the State of New York, respondent,
v
Elvi Portilloaguilar, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen Braslow, J.), rendered June 28, 2016, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
There is no merit to the defendant's contention that the prosecution's failure to timely disclose the statements of two codefendants constituted a Brady violation (see Brady v Maryland, 373 US 83) because there was no reasonable probability that, had the evidence been disclosed to the defense, the outcome of the trial would have been different (see People v Fuentes, 12 NY3d 259, 263; People v Hale, 143 AD3d 910, 910-911).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). 
The defendant's contention that he was deprived of a fair trial by the admission of evidence of certain uncharged crimes (see People v Molineux, 168 NY 264) is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court