People v Wade (2018 NY Slip Op 08044)





People v Wade


2018 NY Slip Op 08044


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2014-10360
 (Ind. No. 2692/12)

[*1]The People of the State of New York, respondent,
v
Jerome Wade, appellant.


Paul Skip Laisure, New York, NY (Hannah Zhao of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephen Knopf, J.), rendered October 17, 2014, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant adequately preserved for appellate review his contention that the People committed a Brady violation (Brady v Maryland, 373 US 83), and deprived him of his due process right to a fair trial by failing to turn over documents created in connection with investigations conducted by the Internal Affairs Bureau (hereinafter IAB) and federal civil lawsuits regarding two police officers who testified against the defendant at trial. The People have an obligation to disclose exculpatory evidence in their possession that is favorable to the defendant and material to his or her guilt or innocence (see id. at 87; People v Fuentes, 12 NY3d 259, 263; People v Scott, 88 NY2d 888, 890). "The prosecutor's duty to exchange Brady material extends to the disclosure of evidence that can be used to impeach the credibility of a witness for the People whose testimony may be determinative of the defendant's guilt" (People v Wagstaffe, 120 AD3d 1361, 1363; see Giglio v United States, 405 US 150, 154-155; People v Baxley, 84 NY2d 208, 213). In order to establish a Brady violation, a defendant must prove: (1) the evidence at issue is favorable to him or her, (2) the evidence was suppressed by the prosecution, either willfully or inadvertently, and (3) prejudice arose because the suppressed evidence was material (see Strickler v Greene, 527 US 263, 281-282; People v Garrett, 23 NY3d 878, 885; People v Hayes, 17 NY3d 46, 50).
Here, evidence of allegations of misconduct against the two officers who were primarily involved in the investigation and arrest of the defendant was favorable to the defendant for the purpose of impeaching their testimony (see People v Garrett, 23 NY3d at 886; People v Rispers, 146 AD3d 988, 989). However, the record establishes that the defendant's trial attorney had knowledge of most of the relevant documents related to the IAB investigations and federal civil lawsuits regarding the two officers prior to the defendant's trial (see People v Francois, 137 AD3d 935, 936; People v Gordon, 237 AD2d 376, 376; People v Rodriguez, 223 AD2d 605, 606; People [*2]v Banks, 130 AD2d 498, 499; cf. People v Hubbard, 132 AD3d 1013, 1014). " [E]vidence is not deemed to be Brady material when the defendant has knowledge of it'" (People v Francois, 137 AD3d at 936, quoting People v Rodriguez, 223 AD2d at 606; see United States v Agurs, 427 US 97, 103; People v Gordon, 237 AD2d at 376). Additionally, there was no "reasonable possibility" that, had any purported official documents relating to the IAB investigations and the federal civil lawsuits been disclosed to the defendant, the result of the trial would have been different (People v Bond, 95 NY2d 840, 843; see generally People v Hale, 143 AD3d 910, 911; People v Felix, 56 AD3d 796, 798; People v Thompson, 54 AD3d 975, 976). The defendant's trial attorney had sufficient information regarding the allegations of misconduct against the two officers and had a meaningful opportunity to use that information to cross-examine the officers.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court