People v Brown (2020 NY Slip Op 03021)





People v Brown


2020 NY Slip Op 03021


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-12211
 (Ind. No. 01-1415)

[*1]The People of the State of New York, respondent,
v
William Brown, appellant.


Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (John J. Sergi, William C. Milaccio, and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an amended order of the County Court, Westchester County (Anne E. Minihan, J.), dated October 25, 2017, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the Supreme Court, Westchester County (Thomas A. Dickerson, J.), rendered July 8, 2003, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the amended order is affirmed.
The defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction, which was previously affirmed by this Court (see People v Brown, 7 AD3d 535, 535-536). In support of his motion, the defendant contended that the People's alleged nondisclosure of certain evidence prior to trial violated his constitutional rights under Brady v Maryland (373 US 83) and People v Rosario (9 NY2d 286). He argued, in the alternative, that if the People in fact disclosed the evidence upon which he based his Rosario claim, then his trial counsel was ineffective for failing to utilize it in support of his defense. In an amended order dated October 25, 2017, the County Court denied the defendant's motion.
We agree with the County Court that the defendant failed to establish a Brady violation by virtue of the People's failure to disclose a fingerprint comparison report. "Brady does not require that a prosecutor supply a defendant with evidence when the defendant knew of, or should reasonably have known of, the evidence and its exculpatory nature'" (People v McClain, 53 AD3d 556, 556-557, quoting People v Doshi, 93 NY2d 499, 506; see People v Wade, 166 AD3d 912, 912-913; People v Banks, 130 AD2d 498, 499). Here, the People's pretrial disclosures included two supplementary incident reports and a receipt stating that police had recovered and submitted for analysis 17 latent fingerprints from a car. At the defendant's trial, witnesses testified that the car was the location from which the defendant obtained the weapon he used to commit the crimes of which he was convicted. The defendant and defense counsel therefore should reasonably have known of the possibility that the analysis of those latent fingerprints revealed that they did not match the defendant's fingerprints. The defendant thus failed to establish that the People suppressed the fingerprint comparison report (see People v Martin, 137 AD3d 1058, 1058-1059; People v McClain, 53 AD3d at 557; People v Rodriguez, 223 AD2d 605, 606). In any event, the evidence of the defendant's guilt was strong (see Brown v Fisher, 2010 WL 3452420, *3-6, 2010 US Dist LEXIS [*2]89525, *7-16 [SD NY, No. 06-Civ.-2771 (RJS/JCF)]; Brown v Fisher, 2010 WL 3452372, *1-2, *5-9, 2010 US Dist LEXIS 89566, *2-4, *16-29 [SD NY, 06-Civ.-2771 (RJS/JCF)]), and there was no reasonable probability that nondisclosure of the fingerprint comparison report affected the outcome of the trial (see People v Spruill, 164 AD3d 1270, 1274-1275; People v Bryant, 247 AD2d 400, 401; see also U.S. v Sessa, 711 F3d 316, 321-322 [2d Cir]; U.S. v Summer, 171 F3d 636, 637 [8th Cir]; Mallet v Miller, 432 F Supp 2d 366, 377 [SD NY]).
The defendant's claim of a Rosario violation is also without merit. The claim is based upon unsubstantiated allegations that the People withheld certain recordings and documents from the defendant's trial counsel, and the People demonstrated in an affirmation and other evidence offered in opposition to the defendant's motion that prosecutors disclosed those materials prior to trial (see People v Allen, 285 AD2d 470, 471-472). The defendant failed to demonstrate, in the alternative, that he was deprived of the effective assistance of counsel by virtue of his trial counsel's decision not to use these materials in aid of his defense at trial (see People v Ragguete, 172 AD3d 1105, 1105; People v Burgos, 165 AD3d 834, 834; People v Casey, 149 AD3d 771, 772; see also People v Brown, 7 AD3d at 535-536; Brown v Fisher, 2010 WL 3452420, *5-6, 2010 US Dist LEXIS 89525, *12-16; Brown v Fisher, 2010 WL 3452372, *7-10, 2010 US Dist LEXIS 89566, *21-30).
Contrary to the defendant's contentions, the County Court could determine from the parties' submissions that the defendant failed to demonstrate any Rosario violation or that he was deprived of the effective assistance of counsel (see People v Satterfield, 66 NY2d 796, 799-800; People v Samandarov, 56 AD3d 575, 576, affd 13 NY3d 433; People v Allen, 285 AD2d at 471-472).
Accordingly, we agree with the County Court's determination denying the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court