People v Thomas (2024 NY Slip Op 50043(U))

[*1]

People v Thomas

2024 NY Slip Op 50043(U)

Decided on January 8, 2024

County Court, Columbia County

Galligan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2024
County Court, Columbia County

The People of the State of New York,

against
Lawrence Thomas, Defendant.

Indictment No. 21-019

Krista Klein, Esq.
Assistant District Attorney
325 Columbia Street, Suite 260
Hudson, NY 12534
For The People 
Shane Hug, Esq
21 Everett Road Ext.
Albany, NY 12205
For Defendant

Meagan K. Galligan, J.

Papers Considered: Indictment 21-019 (70221-21/001)
Incident Report dated August 18, 2020
Order of Protection dated August 20, 2020 (Guzzi, J.)
Order of Protection dated July 26, 2021 (Koweek, J.)
Certificates of Compliance dated
August 4, September 14, & December 8, 2021, & May 8, 2023
Notice of Omnibus Motion, November 26, 2021, with attached papers
Affirmation of Joyce Crawford, Esq., December 8, 2021
Decision and Order on Omnibus Motion (Koweek, J.), February 14, 2022
Decision and Order, October 30, 2023, and all materials underlying same
Affirmation of Krista Klein, Esq., November 20, 2023
Affirmation of Shane Hug, Esq., November 20, 2023
Reply Affirmation of Shane Hug, Esq., December 4, 2023
In connection with this prosecution of defendant for crimes against a child, the People violated both their Brady/ Giglio obligations, and their discovery obligations as codified at [*2]Article 245 of the Criminal Procedure Law.[FN1]
In particular, the People failed to advise defendant that the child victim had repeatedly denied any abuse by defendant during a recorded interview. Instead of providing defendant with a copy of the interview, the People disclosed only that the victim had previously failed to disclose the alleged abuse. The People never advised defendant that the victim had affirmatively denied abuse by defendant until, at nearly the eve of trial, this court received the recordings for its review and ordered immediate disclosure thereof. Trial was adjourned to allow the defense to review the Brady material.
Despite the conduct of the prosecutor, defendant has now had adequate opportunity to review the victim's conflicting statements and prepare a defense. Because "as a general matter the drastic remedy of dismissal should not be invoked where less severe measures can rectify the harm done" (People v Kelly, 62 NY2d 516, 521 [1984]), the time afforded to defendant might have been deemed an appropriate remedy for the Brady violation. See, e.g., People v Lussier, 205 AD2d 910, 911 [3d Dept 1994]; People v Whitehead, 84 AD3d 1128, 1130 [2d Dept 2011].
However, Article 245 of the Criminal Procedure Law compels further review of this issue in light of the prosecutor's Certificates of Compliance. NY CPL § 245.50. Such certificates are a construct of statute and, generally, require prosecutors to certify their compliance with the disclosures mandated by Article 245 of the Criminal Procedure Law, which must be accomplished before the People may validly announce trial readiness. NY CPL § 245.50(3). Failure by the People to properly announce readiness for trial within six months of a particular defendant's arrest, subject to certain tolling provisions, requires dismissal of an action and bars re-prosecution of a defendant upon the allegations of the subject indictment. NY CPL § 30.30.
Here, the People filed timely Certificates of Compliance which were deficient in light of the People's Brady violation. This court must therefore confront the issue of whether the certificates were filed in good faith, as "no adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances " NY CPL § 245.50(1); see also People v Smith, 79 Misc 3d 649 [Queens Co Sup Ct 2023]. The Court of Appeals has recently underscored a prosecutor's dual obligations to exercise both due diligence and good faith, noting that "the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of diligence." People v Bay, — NY3d —, 2023 NY Slip Op 06407, *16 [December 14, 2023].
"[A] defendant need not demonstrate prejudice to obtain speedy trial dismissal based on a failure to timely comply with discovery obligations." People v Bay, id., 2023 NY Slip Op 06407 at *19. Upon a challenge by the defense, if the prosecution fails to establish that its Certificate of Compliance was filed after the exercise of good faith and due diligence, "the COC should be deemed improper, the readiness statement stricken as illusory, and — so long as the time chargeable to the People exceeds the applicable CPL 30.30 period — the case dismissed." People v Bay, id., 2023 NY Slip Op 06407 at *19.
The parties have submitted argument on the issue of "whether the [prosecutor's] filings of the Certificates of Compliance were made in good faith and were reasonable under the circumstances, and in connection with whether and to what extent there exists excludable time for speedy trial purposes between the date of commencement of this case in Justice Court [*3]through the People's disclosure of the recordings." Decision & Order, October 30, 2023. Having considered the papers of the People and defendant, the court now determines these issues.
The People concede that, absent a determination that their December 8, 2021, Certificate of Compliance was filed in good faith, defendant's speedy trial challenge prevails.[FN2]
This case therefore turns only upon whether the Certificate of Compliance filed by the People on December 8, 2021, was filed in good faith and was reasonable under the circumstances. 
On August 20, 2020, defendant was charged in Justice Court with one count of Sexual Abuse in the First Degree, in violation of New York Penal Law Section 130.65(4). At arraignment, the local court issued and oversaw service upon defendant of a Temporary Order of Protection. That Order required defendant to "stay away from [four named persons, including the alleged victim]" as well as to stay away from those same persons' homes, schools, businesses, and places of employment, and to refrain from communicating with or harassing those persons. Defendant was subsequently indicted by a Columbia County Grand Jury on or about June 9, 2021. At arraignment before County Court following the indictment, defendant was again served with a Temporary Order of Protection, again requiring defendant to stay away from the same alleged victim, whose name appears thereupon. 
The People thereafter filed several Certificates of Compliance, the first of which was filed on December 8, 2021. That Certificate specifically noted that, purportedly pursuant to Section 245.20(c) of the Criminal Procedure Law, the People would not provide certain information to defendant. The People specifically withheld the following items, which were in their possession and control: 
"1. All references to the name of the victim, the name of her parent(s) and/or sibling(s), as well as their address, phone number, dates of birth, and any other information which would reveal the identity of the victim, on any and all documents;
2. An audio-video recording of an interview with the victim's father, disclosure of which would reveal the victim's identity;
3. Multiple audio-video recordings of the victim and her sibling(s) at the Child Advocacy Center, disclosure of which would reveal the victim's identity;
4. RAP sheets for the victim's parents, the disclosure of which would reveal the victim's identity; and
5. An audio recording of an interview with the victim's mother, the disclosure of which would reveal the victim's identity." People's Certificate of Compliance dated December 8, 2021.
Having knowledge that defendant was well-aware of the identity of the alleged victim, including by virtue of the Temporary Orders of Protection, the People nonetheless withheld all of the aforesaid information from defendant, purportedly to keep her identity secret from defendant. This withholding lasted for more than two years until, on May 8, 2023, this court received the [*4]recordings [FN3]
and, as set forth above, ordered their immediate disclosure to the defense.
The People now argue that their disclosure of a redacted police incident report,[FN4]
which contains an entry indicating that the alleged victim did not make any disclosures against defendant during her first interview at a Child Advocacy Center, satisfied their Brady obligations. The same representation made by the report is repeated by the People at Paragraph 29 of the People's Affirmation in Opposition to defendant's omnibus motion. The People argue that, by the foregoing disclosures, defendant knew the "sum and substance" of the alleged victim's first interview. Therefore, with respect to the actual recording, the People maintain that they need not have supplied defendant with exculpatory evidence already known by him.[FN5]

The People deem a police officer's indication that the alleged victim made no disclosure during a recorded statement to be the functional equivalent of the alleged victim's recorded denials of any abuse by defendant. This reasoning is flawed in two distinct and important respects.
First, there exists substantial difference a mere failure to disclose facts that nonetheless exist and a clear and adamant denial of the existence of such facts. A witness may be impeached by his or her prior inconsistent statement. See, e.g., People v Friedman, 205 NY 161, 167-168 [1912]. However, a witness may not be impeached "simply by [a] showing that [s]he omitted to state a fact, or to state it more fully at a prior time." People v Bornholt, 33 NY2d 75 [1973]. The recording withheld from defendant statement provides the defense a clear basis to impeach the alleged victim's credibility at trial; the information actually disclosed by the prosecutor does not. 
Second, the recording withheld from defendant contains the actual words of the alleged victim. The information disclosed to defendant does not. Instead, the People unreasonably relied upon their disclosure of a police officer's impression or conclusion regarding the alleged victim's statements in denying defendant access to the actual prior inconsistent statements of the alleged victim.[FN6]

The People's reliance upon their previous disclosure of a police incident report is unavailing and unpersuasive.
The court now considers the People's separate argument in support of their position that they filed their Certificates of Compliance in good faith and acted reasonably under the circumstances, to wit: that they appropriately relied upon Section 245.20(1)(c) of the Criminal Procedure Law in withholding from defendant the alleged victim's recorded statement. That subsection requires the prosecution to disclose the names and adequate contact information for all persons known to possess evidence or information relevant to a defendant's charges or a potential defense, except that such information may be withheld, without motion, as it relates to the identity of a victim of an offense defined under Article 130 of the Penal Law.
The People cite no authority for the proposition that the aforesaid provision of law permits a prosecutor to withhold wholesale entire interviews containing exculpatory material in connection with every Penal Law Article 130 offense, even against alleged victims whose identities are already known to the defense. This court finds no such authority.
The People have failed to identify any justification for their failure to simply redact the alleged victim's identity from the recording. As noted above, the People redacted the alleged victim's name from the police incident report turned over to the defense. While perhaps more technologically challenging to redact, the People have not justified their failure to produce to defendant any version of the recorded statement which would permit inspection of the alleged victim's actual statements, whether by quotation, transcript, or disclosure of an audio-only version of the recording itself. Of course, since defendant already knew the alleged victim's identity, including by virtue of the Orders of Protection, redaction would have served little, if any, purpose.
The People's reading of the statute at issue is not just simply incorrect; it is at clear odds with both the intent and letter of the law. Having considered the arguments of the parties and upon the record of this case, it is clear beyond cavil that the People have not met their burden of demonstrating that the Certificates of Compliance filed in this case were submitted in good faith or were reasonable under the circumstances.[FN7]

For nearly a thousand days, the People failed, in toto, to advise defendant that, at one point, the alleged victim of the crimes charged against him had repeatedly denied that he engaged in any crime or abuses of her. While unnecessary in light of the undisputed fact that defendant knew both the identity and residential address of the alleged victim, the People failed to make such disclosure even in a way that might not reveal the alleged victim's identity. The People never sought a ruling from County Court that Section 245.50(3) of the Criminal Procedure Law somehow excused them from disclosing exculpatory material to the defense. Finally, the People compounded these deficiencies by failing to disclose the recording to defendant within fifteen days of the scheduled trial, as they had previously promised to do.
That defendant has now had adequate opportunity to review the statement in light of the delays occasioned by motion practice following the court-ordered disclosure of the recording is of no moment. The People "did not file a proper [Certificate of Compliance] and the speedy trial [*5]period has run." People v Bay, supra, 2023 NY Slip Op 06407 at *20. The People's argument that, owing to the lack of prejudice occasioned by their failure to timely disclose the recordings, adjournment of trial is the only appropriate sanction, is in error. See, People v Bay, supra, 2023 NY Slip Op 06407; People v Gaskin, 214 AD3d 1353, 1355 [4th Dept 2023].
Though not raised by the People, review of the February 14, 2022, Decision and Order of County Court (Koweek, J.) on defendant's omnibus motion is warranted. That decision addresses defendant's motion to compel the People's compliance with Section 245.20 of the Criminal Procedure Law. 
At page nine of that Decision and Order, the court wrote "the People's response that they have provided what is required and that the balance being withheld is pursuant to CPL 245.20(1)(c), that all identifying information of all victims and/or witnesses in an Article 130 crime may be withheld. Furthermore, that no motion for a protective order is necessary. The People further indicate that they will turn over to defense the information withheld pursuant to CPL 245.20 no later than 15 days prior to a trial or hearing or as the Court directs." Thereafter, the court deemed the prosecutor's disclosures adequate and held that it would "not direct the release of further information and disclosure relying on the safe harbor provisions provided in CPL 245 for Article 130 crimes." County Court then declined to strike the People's Certificate of Compliance and statement of readiness for trial.
This court considers whether the People could have relied in good faith upon that Decision and Order, at least until fifteen days before the scheduled trial, in continuing to withhold the recording. The People had identified, generally, the items withheld, and the court declined to direct the release of that information. See NY CPL § 245.20(1)(c).
A reading of this portion of County Court's decision might support a conclusion that the prosecutor's filings of Certificates of Compliance were made in good faith and were reasonable. To that end, the certificates followed a judicial determination that the People's disclosures were adequate. Yet, evaluation of the context of that determination, considering the prosecution's clear Brady violation, which was then unknown to County Court, yields a different result. Earlier in its decision, County Court acknowledged that the "People, both in open Court and in their response, acknowledge a continuing duty pursuant to Brady and Giglio. Their response is deemed adequate. No further Court intervention is required at this time." Thus, County Court's determinations were made upon the prosecution's misrepresentation that the People had, theretofore, complied with their Brady and Giglio obligations.
County Court's decision not to compel disclosure of the materials withheld was made without knowledge or information revealing that those materials contained exculpatory information constitutionally required to be immediately disclosed. The misrepresentation of the prosecutor as to the People's compliance with their Brady and Giglio obligations was compounded by County Court's acceptance of the prosecutor's further representation that disclosure of materials including the recording at issue would identify the alleged victim in purported contravention of Section 245.20(1)(c) of the Criminal Procedure Law.
Ordinarily, a party may rely upon a court order in good faith. See, In re Donald MM, 241 AD2d 634 [3d Dept 1997]. However, when such an order is based upon a material misrepresentation by the party later seeking to rely upon it, neither this nor any other court could reasonably determine such reliance is made in good faith.
Further weighing against any finding that the People acted in good faith or reasonably under the circumstances here is the undisputed and incontrovertible fact that the alleged victim's [*6]name was prominently displayed on materials issued to defendant by the government itself. As a result, any decision by the People to withhold these recordings, including the exculpatory material therein, could not and did not serve to protect the alleged victim's identity in any way. 
Based upon all of the foregoing, it is hereby
ORDERED that all counts of Indictment 21-019 (70221-21/001) issued by the Grand Jury of the County of Columbia, State of New York, against defendant Lawrence Thomas are hereby dismissed with prejudice. 
Dated: Monticello, NY
January 8, 2024
E N T E R :
Hon. Meagan K. Galligan, JSC

Footnotes

Footnote 1: See Decision & Order of October 30, 2023.

Footnote 2: Defendant requested production of the withheld recordings and other information by affirmation accompanying a Notice of Motion dated November 26, 2021, returnable December 17, 2021. Unlike the defendant in People v Smith, supra, 79 Misc 3d at 659, the instant defendant exercised due diligence by seeking a court order to obtain the records withheld.

Footnote 3: The recordings were made at a Child Advocacy Center prior to defendant's arrest and the alleged victim's grand jury testimony. The recordings reveal repeated averments by the alleged victim that defendant never abused her.

Footnote 4: The redactions include redaction of the alleged victim's name and contact information.

Footnote 5: The People rely upon People v Martin, 137 AD3d 1058 [2nd Dept 2016], quoting People v. Doshi, 93 NY2d 499, 506 [1999], for that proposition. In light of the conclusions herein, this court need not reach the defense argument, by reply, that CPL § 245.20 requires the People to disclose Brady material even if it is already known to defendant.

Footnote 6: It should be noted that the impression of a police officer preparing the report may have been colored by the police officer's own review of subsequent statements of the alleged victim which contradict the denials contained in the first recording, and a credibility determination made by that officer. This underscores defendant's entitlement to the actual statements, rather than any person's impression thereof.

Footnote 7: It is unclear, from the record, whether the prosecutor had actual knowledge upon personal review of the contents of the alleged victim's recorded statement or, rather, relied upon the police incident report's recitation of the purported substance of the interview in preparing the People's Certificate of Compliance. In any event, the prosecutor is charged with actual knowledge of the contents of the recording.